UNITED STATES DISTRICT COURT
DISTRICT OF MASSAVCHUSETTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
W.E. AUBUCHON CO., INC., and
W.E. AUBUCHON CO. INC.
EMPLOYEE MEDICAL BENEFIT PLAN
    Plaintiffs,

v.

C.A. No. 05-40159FDS

BENEFIRST, LLC,
Defendant.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**ANSWER BY THE DEFENDANT, BENEFIRST, LLC**

**DEFENDANT, BENEFIRST, LLC., DEMANDS A TRIAL BY JURY AS TO ALL ISSUES**

The defendant, BENEFIRST, LLC, denying each and every allegation of the plaintiffs' Complaint unless specifically admitted, answers each numbered paragraph as follows:

### INTRODUCTION

1. As to paragraph 1, this defendant admits the averments therein.

2. As to paragraph 2, this defendant admits the averments therein.

### JURISDICTION AND VENUE

3. As to paragraph 3, the averments contained therein constitute a legal conclusion, and no response is required.

4. As to paragraph 4, the averments contained therein constitute a legal conclusion, and no response is required.

### COUNT 1

5. As to paragraph 5, the defendant repeats the averments contained in paragraphs 1 through 4 as more fully set forth herein.

6. As to paragraph 6, this defendant admits the averments therein.

7. As to paragraph 7, this defendant denies the averments therein.

8. As to paragraph 8, this defendant denies the averments therein.

9. As to paragraph 9, the averments therein are in the form of a legal conclusion for which a response is not required. Further answering, defendant states that the plaintiffs' complaint speaks for itself. Otherwise, this defendant denies the remainder of the allegations therein.

10. As to paragraph 10, this defendant denies the averments therein.

## COUNT 2

11. As to paragraph 11, the defendant repeats the averments contained in paragraphs 1 through 10 as more fully herein.

12. As to paragraph 12, this defendant admits the averments therein in so far as Benefirst, LLC., served an administrative role as plan administrator. This defendant denies the remainder of the averments therein.

13. As to paragraph 13, the defendant states that the contract speak for itself. Otherwise, this defendant denies the remainder of the allegations therein.

14. As to paragraph 14, this defendant denies the averments therein.

15. As to paragraph 15, this defendant denies the averments therein.

## DEMAND FOR JURY TRIAL

This defendant, BENEFIRST, LLC, demands a trial by jury as to all issues and all counts alleged by the plaintiffs, W.E. Aubuchon Co., Inc., and W.E. Aubuchon Co., Inc. Employee Medical Benefit Plan, in their Complaint.

WHEREFORE, this defendant prays for judgment as follows:

a) for dismissal of each part of the Complaint on its merits;

b) for their costs, disbursements and attorney fees; and

c) for such other relief as the Court deems just and proper.

### FIRST DEFENSE

This defendant states that the plaintiffs' Complaint should be dismissed pursuant to Rule 12(b)(1) insofar as this Court lacks subject matter jurisdiction.

### SECOND DEFENSE

This defendant states that the plaintiffs' Complaint should be dismissed pursuant to Rule 12(b)(2) insofar as this Court lacks personal jurisdiction over this defendant.

### THIRD DEFENSE

This defendant states that the plaintiffs' Complaint should be dismissed pursuant to Rule 12(b)(3) insofar as venue is not proper.

### FOURTH DEFENSE

This defendant states that the plaintiffs' Complaint should be dismissed against this defendant pursuant to Rule 12(b)(4) for insufficiency of process.

### FIFTH DEFENSE

This defendant states that the plaintiffs' Complaint should be dismissed against this defendant pursuant to Rule 12(b)(5) insofar as service of process upon this defendant was not sufficient.

### SIXTH DEFENSE

This defendant states that the plaintiffs' Complaint should be dismissed against this defendant pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

SEVENTH DEFENSE

This defendant states that if the plaintiffs sustained damages as alleged in the Complaint, such damages were caused by a third person over whom this defendant exercised no control, and for whom this defendant is and was not responsible.

EIGHTH DEFENSE

This defendant states that if the plaintiffs sustained damages as alleged in the Complaint, such damages were caused by the intervening and superseding acts of a third person, which acts this defendant did not and reasonably could not foresee.

NINTH DEFENSE

This defendant further asserts the affirmative defense of the doctrine of laches.

TENTH DEFENSE

This defendant further asserts the affirmative defense of release.

ELEVENTH DEFENSE

This defendant states that this action was not commenced within the time required by the applicable statute of limitations, and, therefore, plaintiff's claim should be barred.

TWELFTH DEFENSE

This defendant states that the plaintiffs are estopped from bringing this action.

THIRTEENTH DEFENSE

This defendant states that the plaintiffs have waived any right to bring this action, and, therefore, the plaintiffs' claim should be dismissed.

FOURTEENTH DEFENSE

This defendant further asserts the affirmative defense of novation.

### FIFTEENTH DEFENSE

This defendant further asserts the affirmative defense of lack of authority of the agent signing the instrument upon which the plaintiffs rely.

### SIXTEENTH DEFENSE

This defendant further asserts the affirmative defense of misnomer.

### SEVENTEENTH DEFENSE

This defendant further asserts the affirmative defense of absence of breach of any underlying obligation.

### EIGHTEENTH DEFENSE

This defendant further asserts the affirmative defense of statute of frauds.

### NINETEENTH DEFENSE

This defendant further asserts the affirmative defense of failure of consideration.

### TWENTIETH DEFENSE

This defendant further asserts the Plaintiff failed to mitigate the damages incurred.

### THIRTIETH DEFENSE

This defendant asserts that the Plaintiff's claim is not permissible under ERISA, 29 USC §1001 *et seq*.

Respectfully submitted,

_____
Richard J. Poliferno
Attorney for the Defendant
Long & Houlden
100 Summer Street
Boston, MA   02110
(617) 439-4777
BBO # 402120

CERTIFICATE OF SERVICE
I, Attorney for DEFT., hereby certify that I, this day, served a copy of the within document(s) by (hand) (first class mail, postage prepaid) to all counsel of record.
BBO# 402120
DATE: Oct. 14 2005

DATE: 10/14/05