UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| W.E. AUBUCHON CO., INC. and <br> W.E. AUBUCHON CO. INC. <br> EMPLOYEE MEDICAL <br> BENEFIT PLAN, <br>     Plaintiffs, <br> <br> v. <br> <br> BENEFIRST, LLC, <br>     Defendant. | C.A. No. 05-40159FDS <br> (Louis M. Ciavarra. BBO# 546481) <br> (Ryan T. Killman BBO# 654562) <br> (Colleen E. Cushing BBO# 663498) <br> <br> <u>MOTION TO</u> <br> <u>AMEND COMPLAINT</u> |

Pursuant to Fed. R. Civ. P. 15(a), Plaintiffs W.E. Aubuchon Co., Inc.("W.E. Aubuchon") and W.E. Aubuchon Co., Inc. Employee Medical Benefit Plan (the "W.E. Aubuchon Plan") move to amend the original Complaint to add two new Plaintiffs whose claims arise from a common set of facts. The original Complaint asserts claims against Defendant Benefirst, LLC ("Benefirst") for breach of fiduciary duty and breach of contract on account of its failure to provide services accurately and completely with respect to its administration of the W.E. Aubuchon Plan. The Amended Complaint asserts identical claims against Benefirst for breach of fiduciary duty and breach of contract with respect to two additional Plaintiffs, Aubuchon Distribution, Inc. ("Aubuchon Distribution") and Aubuchon Distribution, Inc. Employee Medical Benefit Plan (the "Aubuchon Distribution Plan"). A copy of the Amended Complaint is attached hereto as <u>Exhibit A</u>.

In support of this Motion, Plaintiffs state:

1. Since the filing of this case Plaintiffs have discovered that Benefirst was a fiduciary of a second plan within the meaning of ERISA, 29 U.S.C. §1001, *et seq.* for Aubuchon Distribution and W.E. Aubuchon.

2. The Amended Complaint seeks to assert additional Plaintiffs, Aubuchon Distribution and the Aubuchon Distribution Plan, based on the <u>same causes of action</u> asserted in the original Complaint arising from losses incurred in connection with Benefirst's failure to provide services accurately and completely with respect to its administration of the Aubuchon Distribution Plan.

3. "Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend pleadings 'shall be freely given when justice so requires.' If the movant has at least colorable grounds for relief, justice requires allowing amendments unless the movant is guilty of undue delay or bad faith, or if permission to amend would unduly prejudice the opposing party." <u>Golas v. Paul Revere Insurance Group</u>, 175 F.R.D. 421, 423 (D. Mass. 1997). Here, W.E. Aubuchon has moved expeditiously and in good faith to amend the Complaint.

4. Moreover, allowance of the Motion does not prejudice Benefirst as it will have ample opportunity to conduct discovery on the additional Plaintiffs' claims.

WHEREFORE, Plaintiffs W.E. Aubuchon Co., Inc. and W.E. Aubuchon Co., Inc. Employee Medical Benefit Plan respectfully request that the Court enter an Order allowing the Motion For Leave To Amend Complaint and for such other further relief as the Court deems just and proper.

Respectfully submitted,

W.E. AUBUCHON CO., INC. and
W.E. AUBUCHON CO. INC.
EMPLOYEE MEDICAL BENEFIT PLAN

By Their Attorneys,


/s/ Colleen E. Cushing
Louis M. Ciavarra  (BBO#546481)
Ryan T. Killman (BBO#654562)
Colleen E. Cushing (BBO#663498)
Bowditch & Dewey, LLP
311 Main Street
P.O. Box 15156
Worcester, MA 01615-0156
Telephone:  (508) 926-3408
Facsimile:   (508) 929-3011
ccushing@bowditch.com

Dated:  May 1, 2006

Certificate of Service

    I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on May 1, 2006.

        /s/ Colleen E. Cushing
        Colleen E. Cushing, Esquire

# EXHIBIT A

{Client Files\LIT\302508\0002\00692534.DOC;1}

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| W.E. AUBUCHON CO., INC., AUBUCHON DISTRIBUTION, INC., W.E. AUBUCHON CO. INC. EMPLOYEE MEDICAL BENEFIT PLAN, and AUBUCHON DISTRIBUTION, INC. EMPLOYEE MEDICAL BENEFIT PLAN<br>    Plaintiffs,<br><br>v.<br><br>BENEFIRST, LLC,<br>    Defendant. | C.A. No. 05-40159FDS<br>(Louis M. Ciavarra. BBO# 546481)<br>(Ryan T. Killman BBO# 654562)<br>(Colleen E. Cushing BBO# 663498)<br><br><br>AMENDED COMPLAINT |

INTRODUCTION

1.      Plaintiff W.E. Aubuchon Co., Inc. ("W.E. Aubuchon") is a corporation with a principal place of business in Westminster, Massachusetts. W.E. Aubuchon is the employer, sponsor and administrator of the W.E. Aubuchon Co., Inc. Employee Medical Benefit Plan (the "W.E. Aubuchon Plan"). The W.E. Aubuchon Plan is a qualified plan under the Employee Retirement Income Security Act of 1974 (ERISA).

2.      Plaintiff Aubuchon Distribution, Inc. ("Aubuchon Distribution") is a corporation with a principal place of business in Westminster, Massachusetts. W.E. Aubuchon is the sponsor and Aubuchon Distribution is the employer and administrator of the W.E. Aubuchon Co., Inc. & Aubuchon Distribution, Inc. Employee Medical Benefit Plan (the "Aubuchon Distribution Plan"). The Aubuchon Distribution Plan is a qualified plan under the Employee Retirement Income Security Act of 1974 (ERISA).

3. Defendant BeneFirst, LLC ("BeneFirst") is a Massachusetts limited liability corporation with a principal place of business in Marshfield, Massachusetts.

## JURISDICTION AND VENUE

4. This action arises under ERISA, as amended, 29 U.S.C. § 1001, *et seq*. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132.

5. Venue is proper in the District of Massachusetts pursuant to 28 U.S.C. § 1391 as the Defendant resides in this District.

## COUNT I

6. Plaintiffs hereby repeat and reallege the allegations contained in paragraphs 1 through 5 as if fully set forth herein.

7. W.E. Aubuchon is a fiduciary under the terms of the W.E. Aubuchon Plan.

8. By reason of the responsibilities that were assigned to and accepted by BeneFirst, it was a fiduciary of the W.E. Aubuchon Plan within the meaning of ERISA, 29 U.S.C. § 1001, *et seq*. These duties included but were not limited to investigating and determining eligibility, payments, co-pays, co-insurance and subrogation claims. BeneFirst exercised discretion and control over these decisions and was paid to execute these duties properly.

9. BeneFirst failed to perform its duties in a reasonably prudent fashion and the W.E. Aubuchon Plan was damaged as a result of BeneFirst's conduct.

10. Pursuant to 29 U.S.C. §1109 and §1132, Plaintiffs hereby bring this action against BeneFirst for breach of its fiduciary duty.

11.     Plaintiffs have been damaged in an amount to be determined at trial by BeneFirst's breach of fiduciary duty.

## COUNT II

12.     Plaintiffs hereby repeat and reallege the allegations contained in paragraphs 1 through 11 as if fully set forth herein.

13.     W.E. Aubuchon and Aubuchon Distribution are fiduciaries under the terms of the Aubuchon Distribution Plan.

14.     By reason of the responsibilities that were assigned to and accepted by BeneFirst, it was a fiduciary of the Aubuchon Distribution Plan within the meaning of ERISA, 29 U.S.C. § 1001, *et seq.*  These duties included but were not limited to investigating and determining eligibility, payments, co-pays, co-insurance and subrogation claims.  BeneFirst exercised discretion and control over these decisions and was paid to execute these duties properly.

15.     BeneFirst failed to perform its duties in a reasonably prudent fashion and the Aubuchon Distribution Plan was damaged as a result of BeneFirst's conduct.

16.     Pursuant to 29 U.S.C. §1109 and §1132, Plaintiffs hereby bring this action against BeneFirst for breach of its fiduciary duty.

17.     Plaintiffs have been damaged in an amount to be determined at trial by BeneFirst's breach of fiduciary duty.

## COUNT III

18.   Plaintiffs hereby repeat and reallege the allegations contained in paragraphs 1 through 17 as if fully set forth herein.

19.   In accordance with terms of the Plans, W.E. Aubuchon delegated many of its administrative functions to BeneFirst.

20.   The W.E. Aubuchon Plan, W.E. Aubuchon and BeneFirst entered into a contract pursuant to which BeneFirst agreed to provide administrative services.

21.   BeneFirst has breached the terms of its contract by failing to provide the services accurately and completely.

22.   Plaintiffs have been damaged in an amount to be determined at trial by BeneFirst's breach of contract.

## COUNT IV

23.   Plaintiffs hereby repeat and reallege the allegations contained in paragraphs 1 through 22 as if fully set forth herein.

24.   In accordance with terms of the Aubuchon Distribution Plan, W.E. Aubuchon and Aubuchon Distribution delegated many of their administrative functions to BeneFirst.

25.   The Aubuchon Distribution Plan, W.E. Aubuchon, Aubuchon Distribution and BeneFirst entered into a contract pursuant to which BeneFirst agreed to provide administrative services.

26. BeneFirst has breached the terms of its contract by failing to provide the services accurately and completely.

27. Plaintiffs have been damaged in an amount to be determined at trial by BeneFirst's breach of contract.

WHEREFORE, Plaintiffs request that judgment be entered in their favor against the Defendant, awarding Plaintiffs their damages, attorneys fees and costs pursuant to 29 U.S.C. § 1132, and for such further relief as this Honorable Court deems just and equitable.

DEMAND FOR JURY TRIAL

Pursuant to Rule 38(a) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury of all issues properly triable of right by a jury.

    Respectfully submitted,

    W.E. AUBUCHON CO., INC.,
    AUBUCHON DISTRIBUTION, INC.,
    W.E. AUBUCHON CO., INC.
    EMPLOYEE MEDICAL BENEFIT PLAN, and
    AUBUCHON DISTRIBUTION, INC.
    EMPLOYEE MEDICAL BENEFIT PLAN,

    By Their Attorneys,

    /s/ Colleen E. Cushing
    Louis M. Ciavarra  (BBO#546481)
    Ryan T. Killman (BBO#654562)
    Colleen E. Cushing (BBO# 663498)
    Bowditch & Dewey, LLP
    311 Main Street
    P.O. Box 15156
    Worcester, MA 01615-0156
    Telephone:  (508) 926-3408
    Facsimile:   (508) 929-3011
    ccushing@bowditch.com

Dated:  May 1, 2006

Certificate of Service

    I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on May 1, 2006.

/s/ Colleen E. Cushing
Colleen E. Cushing, Esquire