UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                                    )
W.E. AUBUCHON CO., INC., AUBUCHON        )
DISTRIBUTION, INC., W.E. AUBUCHON        )
CO. INC. EMPLOYEE MEDICAL                )       C.A. No. 05-40159FDS
BENEFIT PLAN, and AUBUCHON               )       (Louis M. Ciavarra. BBO# 546481)
DISTRIBUTION, INC. EMPLOYEE              )       (Ryan T. Killman BBO# 654562)
MEDICAL BENEFIT PLAN                     )       (Colleen E. Cushing BBO# 663498)
        Plaintiffs,                      )
                                         )
v.                                       )
                                         )       AMENDED COMPLAINT
                                         )
BENEFIRST, LLC,                          )
        Defendant.                       )
_____)


INTRODUCTION

1.      Plaintiff W.E. Aubuchon Co., Inc. ("W.E. Aubuchon") is a corporation with a

principal place of business in Westminster, Massachusetts.  W.E. Aubuchon is the employer,

sponsor and administrator of the W.E. Aubuchon Co., Inc. Employee Medical Benefit Plan (the

"W.E. Aubuchon Plan").  The W.E. Aubuchon Plan is a qualified plan under the Employee

Retirement Income Security Act of 1974 (ERISA).


2.      Plaintiff Aubuchon Distribution, Inc. ("Aubuchon Distribution") is a corporation

with a principal place of business in Westminster, Massachusetts.  W.E. Aubuchon is the sponsor

and Aubuchon Distribution is the employer and administrator of the W.E. Aubuchon Co., Inc. &

Aubuchon Distribution, Inc. Employee Medical Benefit Plan (the "Aubuchon Distribution

Plan").  The Aubuchon Distribution Plan is a qualified plan under the Employee Retirement

Income Security Act of 1974 (ERISA).

3.      Defendant BeneFirst, LLC ("BeneFirst") is a Massachusetts limited liability corporation with a principal place of business in Marshfield, Massachusetts.

## JURISDICTION AND VENUE

4.      This action arises under ERISA, as amended, 29 U.S.C. § 1001, *et seq.*  This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132.

5.      Venue is proper in the District of Massachusetts pursuant to 28 U.S.C. § 1391 as the Defendant resides in this District.

## COUNT I

6.      Plaintiffs hereby repeat and reallege the allegations contained in paragraphs 1 through 5 as if fully set forth herein.

7.      W.E. Aubuchon is a fiduciary under the terms of the W.E. Aubuchon Plan.

8.      By reason of the responsibilities that were assigned to and accepted by BeneFirst, it was a fiduciary of the W.E. Aubuchon Plan within the meaning of ERISA, 29 U.S.C. § 1001, *et seq.*   These duties included but were not limited to investigating and determining eligibility, payments, co-pays, co-insurance and subrogation claims.  BeneFirst exercised discretion and control over these decisions and was paid to execute these duties properly.

9.      BeneFirst failed to perform its duties in a reasonably prudent fashion and the W.E. Aubuchon Plan was damaged as a result of BeneFirst's conduct.

10.     Pursuant to 29 U.S.C. §1109 and §1132, Plaintiffs hereby bring this action against BeneFirst for breach of its fiduciary duty.

2

11.     Plaintiffs have been damaged in an amount to be determined at trial by BeneFirst's breach of fiduciary duty.

## COUNT II

12.     Plaintiffs hereby repeat and reallege the allegations contained in paragraphs 1 through 11 as if fully set forth herein.

13.     W.E. Aubuchon and Aubuchon Distribution are fiduciaries under the terms of the Aubuchon Distribution Plan.

14.     By reason of the responsibilities that were assigned to and accepted by BeneFirst, it was a fiduciary of the Aubuchon Distribution Plan within the meaning of ERISA, 29 U.S.C. § 1001, *et seq.*  These duties included but were not limited to investigating and determining eligibility, payments, co-pays, co-insurance and subrogation claims.  BeneFirst exercised discretion and control over these decisions and was paid to execute these duties properly.

15.     BeneFirst failed to perform its duties in a reasonably prudent fashion and the Aubuchon Distribution Plan was damaged as a result of BeneFirst's conduct.

16.     Pursuant to 29 U.S.C. §1109 and §1132, Plaintiffs hereby bring this action against BeneFirst for breach of its fiduciary duty.

17.     Plaintiffs have been damaged in an amount to be determined at trial by BeneFirst's breach of fiduciary duty.

{Client Files\LIT\302508\0002\00692534.DOC;1}

<u>COUNT III</u>

18.    Plaintiffs hereby repeat and reallege the allegations contained in paragraphs 1 through 17 as if fully set forth herein.

19.    In accordance with terms of the Plans, W.E. Aubuchon delegated many of its administrative functions to BeneFirst.

20.    The W.E. Aubuchon Plan, W.E. Aubuchon and BeneFirst entered into a contract pursuant to which BeneFirst agreed to provide administrative services.

21.    BeneFirst has breached the terms of its contract by failing to provide the services accurately and completely.

22.    Plaintiffs have been damaged in an amount to be determined at trial by BeneFirst's breach of contract.

<u>COUNT IV</u>

23.    Plaintiffs hereby repeat and reallege the allegations contained in paragraphs 1 through 22 as if fully set forth herein.

24.    In accordance with terms of the Aubuchon Distribution Plan, W.E. Aubuchon and Aubuchon Distribution delegated many of their administrative functions to BeneFirst.

25.    The Aubuchon Distribution Plan, W.E. Aubuchon, Aubuchon Distribution and BeneFirst entered into a contract pursuant to which BeneFirst agreed to provide administrative services.

4

26.     BeneFirst has breached the terms of its contract by failing to provide the services accurately and completely.

27.     Plaintiffs have been damaged in an amount to be determined at trial by BeneFirst's breach of contract.

WHEREFORE, Plaintiffs request that judgment be entered in their favor against the Defendant, awarding Plaintiffs their damages, attorneys fees and costs pursuant to 29 U.S.C. § 1132, and for such further relief as this Honorable Court deems just and equitable.

<u>DEMAND FOR JURY TRIAL</u>

Pursuant to Rule 38(a) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury of all issues properly triable of right by a jury.

Respectfully submitted,

W.E. AUBUCHON CO., INC.,
AUBUCHON DISTRIBUTION, INC.,
W.E. AUBUCHON CO., INC.
EMPLOYEE MEDICAL BENEFIT PLAN, and
AUBUCHON DISTRIBUTION, INC.
EMPLOYEE MEDICAL BENEFIT PLAN,

By Their Attorneys,

/s/ Colleen E. Cushing
Louis M. Ciavarra  (BBO#546481)
Ryan T. Killman (BBO#654562)
Colleen E. Cushing (BBO# 663498)
Bowditch & Dewey, LLP
311 Main Street
P.O. Box 15156
Worcester, MA 01615-0156
Telephone:  (508) 926-3408
Facsimile:   (508) 929-3011
ccushing@bowditch.com

Dated:  May 1, 2006

5

<u>Certificate of Service</u>

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on May 1, 2006.

/s/ Colleen E. Cushing
Colleen E. Cushing, Esquire

{Client Files\LIT\302508\0002\00692534.DOC;1}