## UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **W.E. AUBUCHON CO., INC., AUBUCHON DISTRIBUTION, INC., W.E. AUBUCHON CO. INC. EMPLOYEE MEDICAL BENEFIT PLAN,** and **AUBUCHON DISTRIBUTION, INC. EMPLOYEE MEDICAL BENEFIT PLAN**<br><br>                                    **Plaintiffs,**<br><br>v.<br><br>**BENEFIRST, LLC**,<br>                                    **Defendant.** | CIVIL ACTION NO. 05-40159 FDS |

### DEFENDANT BENEFIRST, LLC'S
### ANSWER TO PLAINTIFFS' AMENDED COMPLAINT

### INTRODUCTION

1. Upon information and belief, Defendant Benefirst, LLC admits the allegations in the first two sentences of Paragraph 1. Further answering, the defendant states that the allegations contained in the final sentence of Paragraph 1 constitute a conclusion of law to which no answer is required.

2. Upon information and belief, Defendant Benefirst, LLC admits the allegations in the first two sentences of Paragraph 2. Further answering, the defendant states that the allegations contained in the final sentence of Paragraph 2 constitute a conclusion of law to which no answer is required.

3. Defendant Benefirst, LLC admits the allegations in Paragraph 3.

### JURISDICTION AND VENUE

4. The statements in Paragraph 4 constitute a legal conclusion, to which no response is required.

5. The statements in Paragraph 5 constitute a legal conclusion, to which no response is required.

### COUNT I

6. Defendant Benefirst, LLC repeats its averments to Paragraphs 1 through 5 as stated previously.

7. Defendant Benefirst, LLC states that the allegations contained in Paragraph 7 constitute a conclusion of law to which no answer is required and further responds that, to the extent the allegations of this paragraph could be construed as requiring an answer by this defendant, it is without sufficient information to enable it to either admit or deny the allegations contained in this paragraph.

8. Defendant Benefirst, LLC denies the allegations in Paragraph 8.

9. Defendant Benefirst, LLC denies the allegations in Paragraph 9.

10. Certain statements in Paragraph 10 are legal conclusions, to which no response is required. Defendant Benefirst, LLC denies any and all other allegations in Paragraph 10 to which an answer may be required.

11. Defendant Benefirst, LLC denies the allegations in Paragraph 11.

## COUNT II

12. Defendant Benefirst, LLC repeats its averments to Paragraphs 1 through 11 as stated previously.

13. Defendant Benefirst, LLC states that the allegations contained in Paragraph 13 constitute a conclusion of law to which no answer is required and further responds that, to the extent the allegations of this paragraph could be construed as requiring an answer by this defendant, it is without sufficient information to enable it to either admit or deny the allegations contained in this paragraph.

14. Defendant Benefirst, LLC denies the allegations in Paragraph 14.

15. Defendant Benefirst, LLC denies the allegations in Paragraph 15.

16. Certain statements in Paragraph 16 are legal conclusions, to which no response is required. Defendant Benefirst, LLC denies any and all other allegations in Paragraph 16 to which an answer may be required.

17. Defendant Benefirst, LLC denies the allegations in Paragraph 17.

## COUNT III

18. Defendant Benefirst, LLC repeats its averments to Paragraphs 1 through 17 as stated previously.

19. Defendant Benefirst, LLC admits only that it served in a limited administrative role. Defendant Benefirst LLC denies the remainder of the allegations in Paragraph 19.

20. Defendant Benefirst, LLC states that any such contract alleged by the plaintiffs in this paragraph speaks for itself and otherwise denies all allegations in Paragraph 20.

21. Defendant Benefirst, LLC denies the allegations in Paragraph 21.

22. Defendant Benefirst, LLC denies the allegations in Paragraph 22.

## COUNT IV

23. Defendant Benefirst, LLC repeats its averments to Paragraphs 1 through 22 as stated previously.

24. Defendant Benefirst, LLC admits only that it served in a limited administrative role. Defendant Benefirst LLC denies the remainder of the allegations in Paragraph 24.

25. Defendant Benefirst, LLC states that any such contract alleged by the plaintiffs in this paragraph speaks for itself and otherwise denies all allegations in Paragraph 25.

26. Defendant Benefirst, LLC denies the allegations in Paragraph 26.

27. Defendant Benefirst, LLC denies the allegations in Paragraph 27.

## DEMAND FOR JURY TRIAL

Defendant Benefirst, LLC demands a trial by jury as to all issues and counts of the amended complaint so triable.

WHEREFORE, Defendant Benefirst LLC denies that the plaintiffs are entitled to any of the relief sought in the complaint, requests that the Court dismiss each part of the Amended Complaint on its merits and with prejudice, and further requests that this Court award Benefirst, LLC its costs, disbursements and attorney fees, all as allowed by law.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense
The complaint fails to state a cause of action upon which relief can be granted.

### Second Affirmative Defense
The complaint should be dismissed for lack of subject matter jurisdiction.

### Third Affirmative Defense
The plaintiffs are not entitled to the payments and other relief sought by them under the terms and conditions of any contracts or plans at issue.

### Fourth Affirmative Defense
The plaintiffs' claims are barred by the doctrine of laches and/or by the plaintiffs' unclean hands.

### Fifth Affirmative Defense
The plaintiffs' claims are barred by the affirmative defense of release.

### Sixth Affirmative Defense
The plaintiffs' claims are barred by the applicable statute of limitations.

### Seventh Affirmative Defense
The plaintiffs' claims are barred by the doctrines of estoppel and/or waiver.

### Eighth Affirmative Defense
The plaintiffs' claims are barred by the doctrine of novation.

### Ninth Affirmative Defense
The plaintiffs' claims are barred or, in the alternative, must be reduced for failure to mitigate damages.

### Tenth Affirmative Defense

Any causes of action, theories of recovery or items of relief sought by the plaintiffs under state law, by contract, or that are not expressly granted under ERISA are preempted.

### Eleventh Affirmative Defense

The plaintiffs' claims are precluded by the terms of any applicable contracts.

### Twelfth Affirmative Defense

The plaintiffs fail to make out the elements of actionable claims under ERISA.

          Respectfully submitted,

| | |
|---|---|
| **Dated:** May 30, 2006 | /s/ Stephen D. Rosenberg |
| | Stephen D. Rosenberg    [BBO# 558415] |
| | Eric L. Brodie            [BBO# 639833] |
| | **THE MCCORMACK FIRM, LLC** |
| | One International Place - 7th Floor |
| | Boston, MA  02110 |
| | Ph:   617•951•2929 |
| | Fax:  617•951•2672 |

## CERTIFICATE OF SERVICE

      I hereby certify that today, May 30, 2006, a copy of the foregoing **NOTICE OF APPEARANCE OF ERIC L. BRODIE AS COUNSEL FOR DEFENDANT BENEFIRST, LLC** was served via the ECF system upon the following attorneys of record, each of whom has been identified as a registered participant on the Notice of Electronic Filing (NEF):

      Louis M. Ciavarra     lciavarra@bowditch.com
      Ryan T. Killman      rkillman@bowditch.com
      Colleen E. Cushing    ccushing@bowditch.com
      Bowditch & Dewey, LLP
      311 Main Street
      P.O. Box 15156
      Worcester, MA 01615-0156


      /s/ *Stephen D. Rosenberg*
      Stephen D. Rosenberg

85207.1