UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| W.E. AUBUCHON CO., INC., AUBUCHON DISTRIBUTION, INC., W.E. AUBUCHON CO. INC. EMPLOYEE MEDICAL BENEFIT PLAN, and AUBUCHON DISTRIBUTION, INC. EMPLOYEE MEDICAL BENEFIT PLAN<br>　　　Plaintiffs,<br><br>v.<br><br>BENEFIRST, LLC,<br>　　　Defendant. | C.A. No. 05-40159FDS<br>(Louis M. Ciavarra. BBO# 546481)<br>(Ryan T. Killman BBO# 654562)<br>(Colleen E. Cushing BBO# 663498) |

## PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND THINGS

Plaintiffs, W.E. Aubuchon Co., Inc. ("Aubuchon"), W.E. Aubuchon Employee Medical Plan ("the Aubuchon Plan"), Aubuchon Distribution, Inc. ("Aubuchon Distribution") and Aubuchon Distribution, Inc. Employee Medical Benefit Plan ("the Aubuchon Distribution Plan"), hereby move, pursuant to Rule 37 of the Federal Rules of Civil Procedure, for an Order compelling Defendant, Benefirst, LLC ("Benefirst"), to provide certain documents and things for inspection which were to be provided under its Initial Disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure or in response to Plaintiffs' First Request for Production of Documents.

### FACTUAL BACKGROUND

Plaintiff, Aubuchon, is a corporation with a principal place of business in Westminster, Massachusetts and is the employer, sponsor and administrator of the Aubuchon Plan which is a qualified plan under the Employee Retirement Income Security Act of 1974 ("ERISA"). Aubuchon is a fiduciary under the terms of the Aubuchon Plan.

Plaintiff, Aubuchon Distribution, is a corporation with a principal place of business in

Westminster, Massachusetts. Aubuchon is the sponsor and Aubuchon Distribution is the employer and administrator of the Aubuchon Distribution Plan. The Aubuchon Distribution Plan is also a qualified plan under ERISA. Aubuchon and Aubuchon Distribution are fiduciaries under the terms of the Aubuchon Distribution Plan.

Defendant, Benefirst, is a Massachusetts limited liability company with a principal place of business in Marshfield, Massachusetts. Benefirst was a fiduciary of the Aubuchon Plan and Aubuchon Distribution Plan within the meaning of ERISA, 29 U.S.C. §1001, *et seq.* Benefirst's duties included, but were not limited to investigating and determining eligibility, payments, co-pays, co-insurance and subrogation claims. Benefirst exercised discretion and control over these decisions and was paid by Plaintiffs to execute these duties properly. Benefirst failed to perform these duties in a reasonably prudent fashion and Plaintiffs were damaged as a result of Benefirst's conduct.

On or about September 12, 2005, Plaintiffs, Aubuchon and the Aubuchon Plan, filed a Complaint against Benefirst in the United States District Court for the District of Massachusetts. That Complaint was subsequently amended, on or about May 1, 2006, to include Aubuchon Distribution and the Aubuchon Distribution Plan as Plaintiffs.

## ARGUMENT

I.  **Benefirst Has Failed To Produce And/Or Provide Access To All Documents And Things Referenced In Its Initial Disclosures.**

Under Federal Rule of Civil Procedure 26(a)(1) parties are required to file "Initial Disclosures" which provide to other parties "a copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses...."

On or about December 14, 2005, Benefirst filed its *Initial Disclosure Statement Pursuant to*

*Federal Rule of Civil Procedure 26(a)(1).* In the section entitled "Description by category and location of all documents, data compilations, and tangible things that are relevant" Benefirst listed "correspondence, reports, plan materials, contracts and electronic monthly reports submitted to the Plaintiff." Benefirst has failed to produce all relevant documents which fall into these categories. More specifically, Benefirst has failed to provide all "RPC" reports for the entire period of time in which Benefirst acted as a third party administrator for Plaintiffs. Benefirst has not provided Plaintiffs with access to its RIMS system along with any and all documents reflecting the plan build on the RIMS system. In addition, Benefirst has failed to produce all claims files, including actual bills relating to Plaintiffs.

On or about May 26, 2006, Plaintiffs' counsel informed Benefirst's counsel by telephone that Plaintiffs required this information from Benefirst which had not been provided in accordance with Benefirst's Initial Disclosures. During the conversation, Plaintiffs' counsel requested copies of all "RPC" reports for the entire period of time in which Benefirst acted as a third party administrator for Plaintiffs, all claims files, including actual bills relating to Plaintiffs, and access to Benefirst's RIMS system along with any and all documents reflecting the plan build on the RIMS system. On the same day as the above-referenced telephone conversation, Plaintiff's counsel sent a letter to Benefirst's counsel reiterating his requests. A copy of the letter is attached hereto as "Exhibit A".

On or about June 23, 2006, after having not received a reply to his letter of May 26, 2006, Plaintiffs' counsel sent another letter to Benefirst's counsel in which he referred to the requests made in the May 26, 2006 letter and again asked Benefirst's counsel to provide the requested documents and things. A copy of the June 23, 2006 letter is attached hereto as "Exhibit B". To date, Benefirst has failed to produce the documents and/or provide access to the RIMS system as

requested by Plaintiffs' counsel. Whereas these documents and things fall under the categories listed by Benefirst in its Initial Disclosures, Plaintiffs are entitled to review them.

II. **Benefirst Has Failed To Produce All Relevant Documents and Things Requested by Plaintiffs In Their First Request for Production of Documents.**

Not only was Benefirst obligated to produce and/or provide access to its RIMS system, all documents reflecting the plan build on the RIMS system and all of its RPC reports and claims files, including actual bills, pursuant to their Initial Disclosures, Benefirst should have provided access to and/or produced such documents and things in response to Plaintiffs' First Request for Production of Documents.

On or about October 27, 2005, Plaintiffs served their First Request for Production of Documents on Benefirst. On or about January 13, 2006, Benefirst served its Responses. Benefirst's Responses and subsequent document production should have included providing access to its RIMS system, all documents reflecting the plan build on the RIMS system and all of its RPC reports and claims files, including actual bills, but did not. The relevant Requests and Responses are as follows:

**Request No. 4**:

Any and all documents which were utilized by the Defendant to provide services to the Plaintiffs.

**Response No. 4**:

**Objection**: This Request violates the requisite degree of "reasonable particularity" under Fed.R.Civ.P. Rule 34(b) by not specifying neither time, nor place, nor person, nor event describing the documents or the services. Furthermore, the Request is unduly burdensome and overly broad, and not reasonable [sic] calculated to lead to admissible discovery.

Without waiving and notwithstanding said objection, the Defendant Answers as follows:

Please see "Response No. 4", attached hereto. Additionally, due to the voluminous

nature of the Request, the Defendant will be providing additional documents on a CD-Rom under a separate cover.

**Request No. 8**:

Any and all documents that evidence any methodologies or processes utilized by the Defendant to provide services to the Plaintiffs.

**Response No. 8**:

**Objection**: This Request violates the requisite degree of "reasonable particularity" under Fed.R.Civ.P. Rule 34(b) by not specifying neither time, nor place, nor person, nor event describing the processes or the services. Furthermore, said Request is unduly burdensome and overly broad, and not reasonable [sic] calculated to lead to admissible discovery.

Without waiving and notwithstanding said objection, the Defendant answers as follows:

Please see "Response No. 8", attached hereto. Additionally, due to the voluminous nature of the Request, the Defendant will be providing additional documents on a CD-Rom under a separate cover.

**Request No. 10**:

Any and all audits conducted by the Defendant or on the Defendant's behalf concerning the Plaintiffs.

**Response No. 10**:

**Objection**: This Request violates the requisite degree of "reasonable particularity" under Fed.R.Civ.P. Rule 34(b) by not specifying neither time, nor space, nor person, nor event describing the audits or such reports. Furthermore, said Request is unduly burdensome and overly broad, and not reasonable [sic] calculated to lead to admissible discovery.

Without waiving and notwithstanding said objection, the Defendant answers as follows:

Please see "Response No. 10", attached hereto. Additionally, due to the voluminous nature of the Request, the Defendant will be providing additional documents on a CD-Rom under a separate cover.

Benefirst failed to provide: (1) "RPC" Reports for the entire period of time in which Benefirst acted as a third-party administrator for Plaintiffs; (2) access to Benefirst's "RIMS

System" along with all documents reflecting the plan build on the RIM System; and (3) all of the claims files, including the actual bills relating to services provided to Plaintiffs in response to any of these Requests. Plaintiffs Requests certainly pertain to such documents and things and therefore Plaintiffs are entitled to review them.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court act as follows:

1. Enter an Order compelling Defendant, Benefirst, LLC, to produce and/or make available for inspection all documents, materials and systems identified in its Initial Disclosures including the following:

    A. All RPC Reports for the entire period of time in which Benefirst acted at the third party administrator for Plaintiffs;

    B. All claims files, including the actual bills in Benefirst's possession, custody or control; and

    C. Benefirst's RIMS system along with all documents reflecting the plan build on the RIMS system.

2. Grant such further relief as the Court deems just and appropriate.

Respectfully submitted,

W.E. AUBUCHON CO., INC.,
AUBUCHON DISTRIBUTION, INC.,
W.E. AUBUCHON CO., INC.
EMPLOYEE MEDICAL BENEFIT PLAN, and
AUBUCHON DISTRIBUTION, INC. EMPLOYEE
MEDICAL BENEFIT PLAN,

By Their Attorneys,

/s/ Ryan T. Killman
Louis M. Ciavarra (BBO#546481)
Ryan T. Killman (BBO#654562)
Colleen E. Cushing (BBO# 663498)
Bowditch & Dewey, LLP
311 Main Street
P.O. Box 15156
Worcester, MA 01615-0156
Telephone: (508) 926-3408
Facsimile: (508) 929-3011

Dated: July 26, 2006

## LOCAL RULE 7.1/37.1 CERTIFICATE

I, Louis M. Ciavarra, am an attorney authorized to practice before the United States District Court for The District Of Massachusetts. I represent the Plaintiffs, W.E. Aubuchon Co., Inc., Aubuchon Distribution, Inc., W.E. Aubuchon Co., Inc., Employee Medical Benefit Plan and Aubuchon Distribution, Inc., Employee Medical Benefit Plan, in the above referenced case and I make this Affidavit on personal knowledge of the facts herein contained.

1. On May 26, 2006 I conferred with Defendant's counsel, Eric L. Brodie by telephone and letter in a good faith effort to resolve the issues raised by *Plaintiffs' Motion to Compel Production of Documents and Things as Part of Defendant's Initial Disclosures*. Further, on June 23, 2006, I conferred with Defendant's counsel, Stephen D. Rosenberg, by letter in a good faith effort to resolve the issues raised by *Plaintiffs' Motion to Compel Production of Documents and Things as Part of Defendant's Initial Disclosures*. The parties have been unable to resolve the issues raised by this Motion.

2. I have complied with all other aspects of Local Rules 7.1 and 37.1.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY this 26th day of July, 2006.

/s/ Louis M. Ciavarra
Louis M. Ciavarra

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on July 26, 2006.

/s/ Ryan T. Killman
Ryan T. Killman



Case 4:05-cv-40159-FDS    Document 24-2    Filed 07/26/2006    Page 1 of 2

## Bowditch & Dewey
ATTORNEYS

Direct telephone: (508) 926-3408
Direct facsimile: (508) 929-3011
Email: lciavarra@bowditch.com

May 26, 2006

Eric L. Brodie, Esquire
Stephen D. Rosenberg, Esquire
The McCormick Firm, LLC
One International Place – 7th Floor
Boston, MA 02110

Re:   W.E. Aubuchon Co., Inc., et al. v. Benefirst, LLC
      <u>Civil Action No. 05-05-40159-FDS</u>

Dear Attorneys Brodie and Rosenberg:

As I told Eric during our phone conversation this morning, I am writing to you with respect to some additional information we need from your client.

Specifically, we need the "rpc(s)" for the entire period of time in which Benefirst acted as the third party administrator for my clients. In addition, we need access to the RIMS system along with all documents reflecting the plan build on the RIMS system. Finally, we need access to all of the claims files, including the actual bills. I believe these documents should have been produced during the initial disclosures. Please let me know when these materials will be available as we are anxious to proceed with discovery in this matter.

In addition, please take a look at the documents produced in response to Plaintiffs' Request for Production of Document No. 10. It purports to be "audit" records. Please find out what it was they were auditing and what these documents purport to be. I can always take a Rule 30(b)(6) deposition of the company but I think this is a more efficient way to proceed.

Very truly yours,

Louis M. Ciavarra

LMC/scb
cc:   Ms. Sarah Q. Arel

{Client Files\LIT\302508\0002\COR\00712061.DOC:1}

BOWDITCH & DEWEY, LLP   311 MAIN STREET   PO BOX 15156   WORCESTER, MA 01615-0156
T 508 791 3511   F 508 756 7636   www.bowditch.com

Boston  Framingham  Worcester

# B

**Bowditch**
**&Dewey**
ATTORNEYS

Direct telephone: (508) 926-3408
Direct facsimile: (508) 929-3011
Email: lciavarra@bowditch.com

June 23, 2006

VIA FACSIMILE & FIRST CLASS MAIL

Stephen D. Rosenberg, Esquire
The McCormick Firm, LLC
One International Place – 7th Floor
Boston, MA 02110

Re: **W.E. Aubuchon Co., Inc., et al. v. Benefirst, LLC**
<u>**Civil Action No. 05-05-40159-FDS**</u>

Dear Steve:

I wanted to follow up on our conversation. On May 26, I wrote you a letter seeking further documents which should have been produced as part of the Initial Disclosure. It has been almost a month and I have not received any response to that request. Because of the current schedule, if I do not receive those documents within the next week or so, I will have no alternative but to file a Motion to Compel. I really hope this is unnecessary.

Very truly yours,

Louis M. Ciavarra

LMC/scb

{Client Files\LIT\302508\0002\COR\00712061.DOC;1}

BOWDITCH & DEWEY, LLP   311 MAIN STREET   PO BOX 15156   WORCESTER, MA 01615-0156
T 508 791 3511   F 508 756 7636   www.bowditch.com

Boston Framingham Worcester