# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

**W.E. AUBUCHON CO., INC., AUBUCHON
DISTRIBUTION, INC., W.E. AUBUCHON
CO. INC. EMPLOYEE MEDICAL
BENEFIT PLAN, and AUBUCHON
DISTRIBUTION, INC. EMPLOYEE
MEDICAL BENEFIT PLAN**
                        **Plaintiffs,**

v.

**BENEFIRST, LLC**,
                        **Defendant.**

CIVIL ACTION NO. 05-40159 FDS

## DEFENDANT BENEFIRST, LLC'S OPPOSITION TO
## PLAINTIFFS' MOTION TO COMPEL PRODUCTION
_____

### INTRODUCTION

Plaintiffs have moved to compel Defendant, BeneFirst, LLC, to produce certain documents or things that Plaintiffs allege should have been produced under BeneFirst's Initial Disclosures or in response to W.E. Aubuchon Co. Inc. and W.E. Aubuchon Co. Inc. Employee Medical Benefit Plan's First Request for Production of Documents.  In truth, and as is discussed in detail below, BeneFirst previously produced over 38,000 pages of documents to the Plaintiffs, and thereafter agreed to further investigate Plaintiffs' requests for the additional materials at issue in the Plaintiffs' Motion to Compel.  Plaintiffs, however, elected to file a motion to compel rather than allow BeneFirst to conclude that investigation and advise Plaintiffs of its findings.  In light of BeneFirst's production of over 38,000 pages of documents, and its agreement to investigate Plaintiffs' request for additional documents, Plaintiffs' motion regarding BeneFirst's document production is surprising, groundless, and, at the very least, premature.

Moreover, despite Plaintiffs' decision to ignore BeneFirst's willingness to examine the issues raised by the Plaintiffs, BeneFirst has continued with its investigation, determining that: (a) one of

the categories of materials sought by the Plaintiffs was long ago produced to the Plaintiffs, but Plaintiffs were apparently unable to recognize them among the massive amounts of documents already produced to the Plaintiffs; (b) the other category of documents - which as discussed below the Plaintiffs have not in fact ever requested in any proper form from BeneFirst - can only be produced at a cost that far outweighs any utility they have to the Plaintiffs; and (c) the access to what is known as the RIMS system that the Plaintiffs seek in their motion is a physical impossibility, and was never even previously requested by the Plaintiffs in any appropriate Rule 34 request.

Accordingly, Plaintiffs' Motion to Compel should be denied.


**BACKGROUND**

On October 27, 2005, the only plaintiffs to this action at that point,  W.E. Aubuchon Co. Inc. and W.E. Aubuchon Co. Inc. Employee Medical Benefit Plan, served their First Request for Production of Documents on Defendant's former counsel, Richard Poliferno.  On or about January 13, 2006, Mr. Poliferno responded to Plaintiffs' First Request for Production of Documents, producing over 750 pages of documents, and stating that, due to the voluminous nature of the document requests, he would be providing additional documents on a CD-ROM under separate cover.  On or about January 31, 2006, Mr. Poliferno supplemented his responses, producing well over 38,000 documents on CD-ROM.

On May 1, 2006, Plaintiffs filed a Motion to Amend, seeking to amend the complaint to add additional plaintiffs.  As a result, it was determined that it was necessary to retain counsel with greater ERISA experience and, accordingly, this matter was transferred to The McCormack Firm, BeneFirst's current counsel.

On May 26, 2006, a little over a week after the file had been transferred to The McCormack Firm, Plaintiffs' counsel spoke with Eric Brodie, one of The McCormack Firm attorneys representing BeneFirst, about conducting an independent audit. [**Exhibit A**, **Affidavit of Eric L. Brodie**] During

2

the telephone call, Plaintiffs' counsel also sought clarification regarding certain document requests. [**Exhibit A**]. Not yet having had a chance to review the more than 38,000 pages of documents produced by Mr. Poliferno, Mr. Brodie asked that Plaintiffs' counsel put his request in writing. [**Exhibit A**].

Having just taken over the case, and with the expansion of the case to include additional plans, claims and plaintiffs, on June 16, 2006, Stephen Rosenberg, lead counsel for BeneFirst, notified counsel for Plaintiffs that more time was needed to investigate this matter, and suggested that the parties file a joint motion to extend the discovery deadlines to allow for this. [**Exhibit B**, **E-mails of Counsel**]. Plaintiffs' counsel, however, rejected this suggestion. [**Exhibit B**]

On June 29, 2006, in response to Plaintiffs' letter dated June 23, 2006, Mr. Brodie telephoned Plaintiffs' counsel and left a voice mail message stating that Mr. Rosenberg was on vacation, but that the documents requested by Plaintiffs were still being investigated. [**Exhibit A**] On or about July 18, 2006, Mr. Rosenberg sent a letter to counsel for the Plaintiffs stating that he was continuing to investigate Plaintiffs' request, but had not yet been able to conclude discussions with BeneFirst that were necessary to fully respond to the request for additional documents. [**Exhibit C**, **Rosenberg July 18, 2006 Letter**] The letter stated: "As soon as we are able to do so, we will forward the documents, if any, that the plaintiffs are entitled to as quickly as possible." Plaintiffs' counsel never responded to this correspondence.

## ARGUMENT

**A**.     **Plaintiffs' Motion to Compel Is Premature**

Local Rule 37.1 of the Local Rules of the United States District Court for the District of Massachusetts provides:

> (A)     Before filing any discovery motion, including any motion for sanctions or for a protective order, counsel for each of the parties shall confer in good faith to narrow the areas of disagreement to the greatest possible extent. It shall be the responsibility of counsel for

3

the moving party to arrange for the conference. Conferences may be conducted over the telephone. Failure of opposing counsel to respond to a request for a discovery conference within seven (7) days of the request shall be grounds for sanctions, which may include automatic allowance of the motion.

(B)     If (I) opposing counsel has failed to respond to a request for a discovery conference within the seven day period set forth in subdivision (A), (II) opposing counsel has failed to attend a discovery conference within fourteen (14) calendar days of the request, or (III) if disputed issues are not resolved at the discovery conference, a dissatisfied party may file a motion and supporting memorandum.

One of the purposes of Local Rule 37.1 is to avoid premature motions. Hasbro, Inc. v. Serafino, 168 F.R.D. 99, 101 (D. Mass. 1996). Only if the parties fail to agree, or if the opposing counsel fails to appear at a requested discovery conference, can a moving party file a motion to compel. Id. Neither condition has been satisfied in this case.

Plaintiffs would have the Court believe that BeneFirst simply did not respond to their requests for additional documents, leaving them no alternative but to file a Motion to Compel. Such is clearly not the case. Counsel for BeneFirst communicated with Plaintiffs' counsel regarding the requested documents on several occasions. Initially, Mr. Rosenberg suggested that the parties file a joint motion to extend the discovery deadline to allow sufficient time to investigate whether there are any additional documents Plaintiffs are entitled to receive, including those at issue in Plaintiffs' Motion to Compel. Even through Plaintiffs' counsel rejected this suggestion, counsel for BeneFirst continued to investigate this matter. However, given the fact that over 38,000 pages of documents had already been produced before The McCormack Firm even took over the case, and the need to confer with BeneFirst regarding any additional documents, counsel for BeneFirst could not conclude their investigation by the middle of July, and so advised Plaintiffs of this fact. Mr. Rosenberg communicated this information to Plaintiffs' counsel on or about July 18, 2006. Mr. Rosenberg further stated that any additional documents to which Plaintiffs are entitled would be forwarded to them as soon as possible.

Nevertheless, knowing full well that counsel for BeneFirst was continuing to investigate his request and would produce any responsive documents as soon as possible, Plaintiffs' counsel filed this Motion to Compel. The record is clear, however, that counsel for the parties had been discussing the requested documents and had not yet reached an impasse in the discussions before Plaintiffs filed their motion. As BeneFirst's counsel clearly responded that he needed more time to investigate and consider this matter and would get back to Plaintiffs' counsel as soon as possible, Plaintiffs' counsel's certification that the parties have been unable to resolve the issues raised by the Motion is disingenuous.[1] As the District of Massachusetts has recognized, "the purpose of a full consultation pursuant to Local Rule 37.1(A) is to enable the parties to attempt to narrow, if not resolve, their dispute. It is not up to the Court to expend its energies when the parties have not sufficiently expended their own." Id. Plaintiffs' counsel's action in filing the Motion to Compel violates the spirit, if not the letter, of the Rule. Plaintiffs' motion is premature and should be denied.

## B.    BeneFirst Has Fully Complied With Its Requirements Under FRCP 26(a)(1)

Plaintiffs claim that they are entitled to the documents they seek and access to a computer system on the basis of the initial disclosure requirements imposed by Federal Rule of Civil Procedure 26(a)(1)(B), which requires the disclosure of "a copy of, or a description by category of, all documents , data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment." (emphasis added). Rule 26(a)(1)(B) itself does not require the production of documents. BeneFirst chose to identify the categories of documents: "1. Correspondence; 2. Reports; 3. Plan materials; 4. Contracts; and 5. Electronic monthly reports submitted to the

---

[1] It should be noted that Plaintiffs' counsel forwarded correspondence regarding a possible resolution of the discovery dispute between the parties, but only *after* Plaintiff's motion was on file. Suffice it to say that this is not what is contemplated by Rule 37.1. [**Exhibit D, Ciavarra July 26, 2006 Letter**]

Plaintiff." [2]  The disclosing party does not have to produce the actual documents until the other party wishes to obtain access to the documents by either a formal or informal discovery request. Coppola v. Bear Stearns & Co., 2005 U.D. Dist. LEXIS 31614, * 27 (N.D.N.Y. Nov. 16, 2005); Masquat v. Mentor Corp., 2000 WL 864166, *2 (D. Kan. June 14, 2000); Haifley v. Naylor, 1996 WL 539212, *1-2 (D. Neb. July 9, 1996). [3]  Contrary to Plaintiffs' assertion, BeneFirst was not obligated to produce and/or provide access to its RIMS system, all documents reflecting the plan build on the RIMS system and all of its RPC reports and claim files, including actual bills, as part of its Initial Disclosures.

Furthermore, Plaintiffs' belief that BeneFirst did not produce all the documents that it should have as part of its Initial Disclosure is not sufficient to establish that BeneFirst failed to comply with Rule 26(a)(1)(B).  See Crouse Cartage Co. v. National Warehouse Inv. Co., 2003 U.S. Dist. LEXIS 9066, *10 (S.D. Ind. April 10, 2003) (failure "to identify all the documents that it should have is not enough to show noncompliance with Rule 26(a)(1)(B)").  Plaintiffs have not established that BeneFirst intends to use any of the documents that Plaintiffs seek, or that they were even in BeneFirst's possession, custody or control. Indeed, given that current counsel for BeneFirst - as Plaintiffs' counsel has long known - is still in the process of mastering the large universe of material in this case, BeneFirst does not even know yet whether it intends to use such documents.

To the extent, therefore, that Plaintiffs' Motion to Compel is based upon BeneFirst's alleged failure to comply with Federal Rule of Civil Procedure 26(a)(1)(B), the Motion must be denied.

---

[2] Plaintiffs can hardly complain that the Defendant's disclosure is deficient. The Initial Disclosure  Statement of W.E. Aubuchon Co., Inc. and W.E. Aubuchon, Co., Inc. Employee Medical Benefit Plan Pursuant to Fed. R. Civ. P. 26(a)(1) identified an almost identical group of documents: "1. Correspondence; 2. Reports; 3. Plan-related materials; and 4. Contracts. [**Exhibit E, Plaintiffs' Initial Disclosures**]

[3] The Federal Rules Advisory Committee Note to the 1993 Amendment provides: "subparagraph (B) does not require production of any documents. . . . If, as will be more typical, only the description is provided, the other parties are expected to obtain the documents desired by proceeding under Rule 34 or through informal requests."

**C.     BeneFirst Either Complied With Plaintiffs' First Request for Production of Documents or Asserted Valid Objections; Moreover, Plaintiffs Did Not Request the Documents or Inspection at Issue**

Plaintiffs contend that BeneFirst should have produced and/or provided access to its RIMS system, all documents reflecting the plan build on the RIMS system and all of its RPC reports and claim files, including actual bills, in response to W.E. Aubuchon Co. Inc. and W.E. Aubuchon Co. Inc. Employee Medical Benefit Plan's  First Request for Production of Documents, specifically in response to Request No. 4, Request No. 8 and Request No. 10.   Request No. 4 seeks the production of "[a]ny and all documents which were utilized by the Defendant to provide services to the Plaintiffs;" Request No. 8 seeks the production of "[a]ny and all documents that evidence any methodologies or processes utilized by the Defendant to provide services to the Plaintiff;" and Request No. 10 seeks the production of "[a]ny and all audits conducted by the Defendant or on the Defendant's behalf concerning the Plaintiffs."

Federal Rule of Civil Procedure 34 provides for the production of "designated documents . . . within the scope of Rule 26(b) . . . in the possession, custody or control of the party upon whom such request is served [and which are] described with reasonable particularity ."  Fed. R. Civ. P. 34(a, b).  In their First Request for Production of Documents, W.E. Aubuchon Co. Inc. and W.E. Aubuchon Co. Inc. Employee Medical Benefit Plan did not sufficiently designate the records to be produced and failed to sufficiently describe each document so that BeneFirst could know with reasonable certainty what it was required to produce.  BeneFirst, therefore, correctly objected to these requests on the grounds that, <u>inter alia</u>, the requests failed to specify categories of documents with reasonable particularity and were so broadly worded that BeneFirst could not fairly respond.  "Where the plaintiff has failed to designate particular documents or categories of documents in such a way as to permit the defendant to readily identify the documents or things to be produced, a motion to compel discovery will not lie."  <u>In re</u> Hunter Outdoor Products, Inc., 21 B.R. 188, 192 (Bankr. D. Mass. 1982).

Plaintiffs should not be allowed "to undertake wholly exploratory operations in the vague hope that something helpful will turn up." <u>Mack v. Great Atlantic & Pacific Tea Co.</u>, Inc., 871 F.2d 179, 18 (1st Cir. 1989).

> While "fishing expeditions" may be conducted under Rules 26 to 33 by the use of depositions and interrogatories, Rule 34 was not designed for this purpose. Rather, the purpose of Rule 34 is to provide a method whereby a party may procure the production of certain specific items by order of the court. The purpose of Rule 34 is not to discover what exists, but to force the production of items that do exist. An order to produce may not be made until the existence of the documents is established.

<u>In re Hunter Outdoor Products, Inc.</u>, 21 B.R. 188, 192 (Bankr. D. Mass. 1982) (internal citations omitted).

As worded, Plaintiffs could shoehorn practically any documents that they want to obtain from BeneFirst into the scope of these requests. That is exactly what they attempt to do here, pretending that BeneFirst was obligated to produce the RPC reports and claims files and to provide access to the RIMS system in response to Request Nos. 4, 8 and 10. None of these requests, however, seek such documents or information. To the extent, therefore, that Plaintiffs' Motion to Compel is based upon BeneFirst's failure to produce documents in response to W.E. Aubuchon Co. Inc. and W.E. Aubuchon Co. Inc. Employee Medical Benefit Plan's First Request for Production of Documents, the Motion must be denied.

**D.     BeneFirst's Continued Investigation Has Established that Plaintiffs' Motion Must Be Denied**

In their motion to compel, Plaintiffs request RPC reports, "claim files" and access to the RIMS system, including all plan build documents. As discussed in detail above, BeneFirst agreed to investigate the Plaintiffs' requests for such further documents and for access to the RIMS computer system, but Plaintiffs elected to ignore that commitment and to instead file a motion to compel. Nonetheless, BeneFirst continued with the investigation into the issues raised by Plaintiffs that it had commenced well before the filing of the Plaintiffs' motion to compel. The findings of that

investigation further establish that Plaintiffs' motion to compel must be denied, for reasons beyond the simple fact that Plaintiffs never even actually asked for any of the materials in question in an appropriate and unobjectionable request served pursuant to Federal Rule of Civil Procedure 34.

For starters, the Plaintiffs demand production of the RPC reports, but fail to acknowledge that all RPC reports are already in their possession, custody and control, as they were produced to them on a monthly basis throughout the time that BeneFirst served as a third party administrator for the Plaintiffs. Moreover, based on discussions with BeneFirst, monthly RPC reports for the W.E. Aubuchon Co. Inc. Employee Medical Benefit Plan were all produced yet again to the Plaintiffs over six months ago, a fact that Plaintiffs chose to leave out of their motion to compel; at a minimum, any such monthly RPC reports that are in the defendant's possession have already been provided as part of the tens of thousands of pages previously produced by predecessor counsel.

In addition, Plaintiffs' request for "all claim files" is so broad as to be essentially incapable of a response, but the reality is that the 38,000 plus pages already produced by BeneFirst consists of the claim materials for the W.E. Aubuchon Co. Inc. Employee Medical Benefit Plan that is available to be produced in any reasonable manner. BeneFirst is no longer in business, and its documents were either originally computerized or were scanned into computer files prior to ceasing operations; all of those materials scanned or entered into the computer system - to the extent they would constitute the contents of a claim file and can be accessed in any reasonable manner - have already been produced to the Plaintiffs. BeneFirst and its counsel, in light of Plaintiffs' request and their motion to compel, are investigating whether there are any additional hard copy materials in storage, but any such materials should have already been scanned into the computer and be a part of the computerized documents that were already produced; BeneFirst will, as Plaintiffs were previously advised, produce any such additional documents that are distinct from the computerized materials already produced if any are located once a review of the hard copies in storage is completed.

9

Beyond that, it appears that what Plaintiffs really seek when they ask for "all claim files" is the actual medical bills submitted and paid under the the the W.E. Aubuchon Co. Inc. Employee Medical Benefit Plan. BeneFirst has determined that such materials cannot be located by reviewing materials relating solely to the W.E. Aubuchon Co. Inc. Employee Medical Benefit Plan, because such materials were indexed by claims examiner, and not by particular benefit plan. As a result, the medical bills for this particular plan can only be located by reviewing every individual claims examiner's entries for all plans administered by BeneFirst during the entire time that the Plaintiffs were clients of the defendant, necessitating the review of what appear to be, on what is known at this point, at least tens of thousands of documents, each of which will contain multiple entries related to a variety of benefit plans, and not just those operated by any of the Plaintiffs. Particularly given that Plaintiffs have demonstrated no need for these materials in their motion papers, the undue burden of this request is obvious. Further, as BeneFirst is no longer an existing business, the impossibility of it providing sufficient staffing to engage in this project is obvious, and if the Court were to order production of these materials, the Court should require the Plaintiffs to pay for the staffing that would be needed by BeneFirst to engage in such a review.[4]

The Plaintiffs further seek access to the RIMS system. BeneFirst has no, and cannot provide any, access to that system. It was a leased system that BeneFirst does not own, and BeneFirst does not currently have access to that system.

As for the so-called plan build documents, investigation to date has not located any such documents. BeneFirst's corporate knowledge is that there was sparse if any such paperwork, and whatever existed would have been saved onto the RIMS system itself, to which BeneFirst no longer has access.

---

[4]Given the requirements of the Health Insurance Portability and Accountability Act, commonly known as HIPAA, it would not be appropriate - and may be illegal -to simply allow the Plaintiffs themselves to review this material, which would include the medical bills and data of individuals who were not part of the Plaintiffs' medical plans, to locate this information themselves.

Accordingly, the investigation undertaken by BeneFirst is more than sufficient to meet any obligations it has under the Federal Rules.  Within the realms of reasonableness and practicality, BeneFirst has thoroughly investigated and responded to Plaintiffs' discovery requests concerning the W.E. Aubuchon Co. Inc. Employee Medical Benefit Plan,[5] and the Plaintiffs' motion should be denied for this reason as well.

## CONCLUSION

For all of the foregoing reasons, BeneFirst respectfully requests that the Court deny Plaintiffs' Motion to Compel in its entirety.

Respectfully submitted,

**Dated:**  August 9, 2006               /s/  Stephen D. Rosenberg
                                         Stephen D. Rosenberg      [BBO# 558415]
                                         Eric L. Brodie            [BBO# 639833]
                                         **THE MCCORMACK FIRM, LLC**
                                         One International Place - 7th Floor
                                         Boston, MA    02110
                                         Ph:    617•951•2929
                                         Fax:   617•951•2672

---

[5]The only requests for production of documents ever served on BeneFirst were served by the original plaintiffs to the action, W. E. Aubuchon Co. Inc. and W. E. Aubuchon Co. Inc. Employee Medical Benefit Plan, and sought documents related to the operation of the W. E. Aubuchon Co. Inc. Employee Medical Benefit Plan.  No discovery has ever been served on the defendant by plaintiffs Aubuchon Distribution, Inc. and Aubuchon Distribution, Inc. Employee Medical Benefit Plan, who were added as plaintiffs to this litigation several months after discovery was served on BeneFirst and several months after BeneFirst produced thousands of pages of documents.  As no discovery was ever served by these entities, issues concerning them are not germane to the motion to compel. Nonetheless, BeneFirst is investigating what separate additional documents may exist that concern the separate plan operated by Aubuchon Distribution, Inc., and what, if any, production of them may be appropriate.  The discovery and other issues raised by the Plaintiffs' late addition of these parties to the litigation are discussed in greater detail in the motion to amend the discovery schedule in this case that will be filed shortly.

# CERTIFICATE OF SERVICE

I hereby certify that today, August 9, 2006, a copy of the foregoing **Defendant BeneFirst, LLC's Opposition to Plaintiffs' Motion to Compel** and its referenced Exhibits A-E were served via the ECF system upon the following attorneys of record, each of whom has been identified as a registered participant on the Notice of Electronic Filing (NEF):

Louis M. Ciavarra     *lciavarra@bowditch.com*
Ryan T. Killman       *rkillman@bowditch.com*
Colleen E. Cushing    *ccushing@bowditch.com*
**Bowditch & Dewey, LLP**
311 Main Street
P.O. Box 15156
Worcester, MA     01615-0156

/s/ *Stephen D. Rosenberg*
Stephen D. Rosenberg

87046.3

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

**W.E. AUBUCHON CO., INC., AUBUCHON DISTRIBUTION, INC., W.E. AUBUCHON CO. INC. EMPLOYEE MEDICAL BENEFIT PLAN, AND AUBUCHON DISTRIBUTION, INC. EMPLOYEE MEDICAL BENEFIT PLAN**

PLAINTIFFS,

V.

**BENEFIRST, LLC**,

DEFENDANT.

CIVIL ACTION NO. 05-40159 FDS

## AFFIDAVIT OF ERIC L. BRODIE

I, Eric L. Brodie, hereby state, under oath, as follows:

1.     I am an attorney licensed to practice law in the Commonwealth of Massachusetts and am employed at The McCormack Firm, LLC. I represent the Defendant in the above-captioned matter.

2.     On or about May 26, 2006, I spoke with counsel for the Plaintiffs, Louis Ciavarra, via telephone. Attorney Ciavarra mentioned during the telephone call that he wished to have several discovery issues clarified. I requested that Attorney Ciavarra put his request in writing.

3.     On June 29, 2006, in response to Attorney Ciavarra's later dated June 23, 2006, I left a voice mail message for Attorney Ciavarra, advising him that Stephen Rosenberg, lead counsel for the Defendant, was on vacation, but that the investigation in connection with the documents that Attorney Ciavarra had requested was continuing.

```
***Exhibit A***
Opposition to Motion
to Compel
```

**ELECTRONICALLY SIGNED UNDER THE PENALTIES OF PERJURY THIS 9TH DAY OF AUGUST, 2006.**

Respectfully submitted,

Dated: August 9, 2006                    /s/ *Eric L. Brodie*
                                         Eric L. Brodie   [BBO #639833]
                                         **THE MCCORMACK FIRM, LLC**
                                         One International Place
                                         Boston, MA 02110
                                         (617) 951-2929
                                         (617) 951-2672

87137.1

## Stephen D. Rosenberg

**From:**   Stephen D. Rosenberg
**Sent:**   Wednesday, June 21, 2006 10:43 AM
**To:**   'Ciavarra, Louis M.'
**Cc:**   Eric L. Brodie
**Subject:** RE: W.E. Aubochon v. Benefirst

What is the basis for your $1,000,000 figure?  Or do we need to wait to get that as an answer to an interrogatory?
My review of the file shows little support for this claim.  With regard to the discovery extension, I won't really know
how many depos and whether all can be done by the current deadline until paper discovery is concluded; the
ability to meet the deadline will likely also depend on whether or not whether plaintiffs' responses to ints and rpds
are both timely and truly responsive or instead require follow up.  My thought was that as a courtesy to the court,
it might make sense to ask for an extension of three months now to make sure all can be covered in a timely
manner, but if you would prefer to wait and do not want to agree to that now, I have no problem asking the court
for an extension later if, in fact, the deadlines cannot be meet.  This seems to be what you would prefer, so we will
proceed accordingly.  If I am mistaken as to your view on this, however, please let me know.

*Stephen Rosenberg, Esq.*
*The McCormack Firm, LLC*
*One International Place*
*Boston, MA 02110*
*phone:  617-951-2929*
*fax:      617-951-2672*
*mailto:srosenberg@mccormackfirm.com*
*www.mccormackfirm.com*

---

**From:** Ciavarra, Louis M. [mailto:LCIAVARRA@bowditch.com]
**Sent:** Tuesday, June 20, 2006 5:51 PM
**To:** Stephen D. Rosenberg
**Cc:** Eric L. Brodie
**Subject:** RE: W.E. Aubochon v. Benefirst

i will be in the office tomorrow from 7 to 1000 can you call me then,  you should have in the file our proposal on
the audit, frankly i think that ship sailed when your client decided not to do it months ago,  the plan years are
every year that your client was the TPA,  we believe that the errors exceed $1000000, don't know by how much
yet hence the audit,   not excited about an extension,  should not be many depositions and we have 3 months to
do them,  Judge Saylor wants the parties to honor this one and if you cant do it tell him why at the conf on sept
18th and he might extend,   i really need a response to my letter of may 26th too

Louis M. Ciavarra
Managing Partner
Bowditch & Dewey, LLP

```
***Exhibit B***
Opposition to Motion
to Compel
```

6/21/2006

8/67

311 Main Street
P.O. Box 01615-0156
Worcester, MA 01615-0156
Tel. No.: 508-926-3408
Fax No.: 508-929-3011

-----Original Message-----
**From:** Stephen D. Rosenberg [mailto:SRosenberg@mccormackfirm.com]
**Sent:** Friday, June 16, 2006 3:28 PM
**To:** Ciavarra, Louis M.
**Cc:** Eric L. Brodie
**Subject:** W.E. Aubochon v. Benefirst

Lou, I am writing to obviate our continuing game of voice mail tag so that we may be able to move forward on the issues I wanted to address with you. First, aside from introducing myself, I was hoping to get an understanding from you as to the amount of damages you believe are at issue, the basis for that calculation, and the plan years in question. Second, I am open to reexamining the question of having an independent audit, perhaps at a minimum a sampling. Depending on how diverse the two sides' views are on the amount at issue, it might at least put all parties on the same page in terms of the dollar amount of the alleged errors. And third, with the transfer of the file and your addition of several additional plans as plaintiffs, I am not convinced that the schedule previously entered by the court is workable. It certainly isn't if we are going to pursue an independent audit, and even if we do not, it may not be. I am inclined to think that extending all deadlines out for three months might give us a reasonable shot at concluding the case without a further extension. I would like to explore with you whether you think it makes the most sense to move for such an extension now, rather than waiting until closer to the discovery cut off dates.

Please give me a call at your convenience to discuss these points.

Regards,

Steve


*Stephen Rosenberg, Esq.*
*The McCormack Firm, LLC*
*One International Place*
*Boston, MA 02110*
*phone:  617-951-2929*
*fax:     617-951-2672*
*mailto:srosenberg@mccormackfirm.com*
*www.mccormackfirm.com*

This e-mail message contains confidential and/or legally privileged information belonging to the sender and intended only for the review and use of the intended recipient. If you are not the intended recipient, any disclosure, dissemination, distribution, copying, review, or use of the information contained in this e-mail message or any attachment is strictly prohibited. If you think you have received this e-mail message in error,

```
please notify The McCormack Firm, LLC at (617) 951-2929, and purge this
e-mail message from your computer system immediately. Thank you.
```

Communications from our firm may contain or incorporate federal tax advice.  Under recently promulgated US Internal Revenue Service standards (Circular 230), we are required to inform you that only formal, written tax opinions meeting the requirements of Circular 230 may be relied upon by taxpayers for the purpose of avoiding tax-related penalties.  Accordingly, this communication is not intended or written to be used, and it cannot be used, for the purpose of avoiding tax-related penalties under the Internal Revenue Code.

This e-mail message is generated from the law firm of Bowditch & Dewey, LLP and contains information that is confidential and may be privileged as an attorney/client communication or as attorney work product. The information is intended to be disclosed solely to the addressee(s). If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of  this email information is prohibited. If you have received this email in error, please notify the sender by return email and delete it from your computer system. For more information about Bowditch & Dewey, please visit our web site at www.bowditch.com

# THE MCCORMACK FIRM, LLC

Attorneys at Law

ONE INTERNATIONAL PLACE - 7TH FLOOR
BOSTON, MASSACHUSETTS   02110

Phone   617•951•2929
Fax     617•951•2672

Michael J. McCormack
Mark E. Cohen
Joseph H. Aronson
Brian C. Duffey
Amy M. Soisson
Marc L. LaCasse
Stephen D. Rosenberg
David T. Mitrou
Robert J. Maselek, Jr.

Eric L. Brodie
Donna E. Hess
Sylvia Chu
Gerald S. Frim
Laura G. Ryan
Erica L. Silverman
Jon A. Halaby

Caroline M. Fiore
Susan N. Granoff
Brooks von Biberstein Powers
Of Counsel

Sender's E-Mail:
srosenberg@mccormackfirm.com

July 18, 2006

*via Fax and First Class Mail*
*Fax No.: 508/929-3011*

Louis M. Ciavarra, Esq.
**Bowditch & Dewey**
311 Main Street
P.O. Box 15156
Worcester, MA  15156

**RE:**    W.E. Aubuchon Co., Inc. v. Benefirst, LLC
**U.S.D.C. C.A. No.:**    05-40159FDS
**Our File No.:**    8157 ~ 259.08157

Dear Mr. Ciavarra:

I am writing to update you concerning the status of your request for further documents that is noted in your June 23 letter. I believe Eric Brodie of my office advised you at the time we received your June 23 letter that I was on vacation, but that he would do as much investigation into your request as he could accomplish prior to my return. Since my return to the office, we have continued to investigate your request, but have not yet been able to conclude discussions with our client that are needed to fully respond. As soon as we are able to do so, we will forward the documents, if any, that the plaintiffs are entitled to as quickly as possible.

When I proposed recently that we file a joint motion to extend the discovery schedule for this case, which you were not interested in doing, it was because of my concern that the addition of several plans to the litigation and the reassignment of the case to this firm may delay resolving discovery issues such as the one you have raised. I recognize that you rejected the proposal, but it was made for the exact purpose of making sure that requests for additional documents such as the one expressed in your recent correspondence could be dealt with in a timely and thorough manner. In any event, we will continue to press forward with determining an appropriate response to your request for additional documents, and will be in touch as soon as we are able to provide a substantive response.

Please do not hesitate to contact me if you have any questions or concerns or wish to discuss this matter further.

Sincerely,

Stephen D. Rosenberg

SDR/tab
86714.1

***Exhibit C***
Opposition to Motion
to Compel



*Bowditch*
*&Dewey*
ATTORNEYS

Direct telephone:  (508) 926-3408
Direct facsimile:  (508) 929-3011
Email:  lciavarra@bowditch.com

July 26, 2006

VIA FACSIMILE & FIRST CLASS MAIL

Stephen D. Rosenberg, Esquire
The McCormick Firm, LLC
One International Place – 7th Floor
Boston, MA 02110

Re:    **W.E. Aubuchon Co., Inc., et al. v. Benefirst, LLC**
       **Civil Action No.  05-05-40159-FDS**

Dear Steve:

    We filed a Motion to Compel this morning.  I felt it was necessary given the fact that we are not moving forward at all with respect to the documents that I have been looking for since at least May.  Obviously, if I can receive some assurance about getting the documents, I will be glad to withdraw the Motion.

                            Very truly yours,

                            *Louis M Ciavarra* /scb

                            Louis M. Ciavarra

LMC/scb

```
***Exhibit D***
Opposition to Motion
to Compel
```

{Client Files\LIT\302508\0002\COR\00743645.DOC:1}

BOWDITCH & DEWEY, LLP  311 MAIN STREET  PO BOX 15156  WORCESTER, MA 01615-0156
T 508 791 3511  F 508 756 7636  www.bowditch.com                    *Boston  Framingham  Worcester*



UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| W.E. AUBUCHON CO., INC. and W.E. AUBUCHON CO. INC. EMPLOYEE MEDICAL BENEFIT PLAN, Plaintiffs, v. BENEFIRST, LLC, Defendant. | C.A. No. 05-40159FDS (Louis M. Ciavarra BBO# 546481) (Ryan T. Killman BBO #654562) |

## INITIAL DISCLOSURE STATEMENT OF W.E. AUBUCHON CO., INC. AND W.E. AUBUCHON CO., INC. EMPLOYEE MEDICAL BENEFIT PLAN PURSUANT TO FED. R. CIV. P. 26(a)(1)

Pursuant to Fed. R. Civ. P. 26(a)(1), the plaintiffs W.E. Aubuchon Co., Inc. and

W.E. Aubuchon Co., Inc. Employee Medical Benefit Plan, make the following initial

disclosures to the defendant, Benefirst, LLC.

**A.**     **Individuals Likely to Have Discoverable Information**

1.    M. Marcus Moran, Jr., President and Treasurer
      W.E. Aubuchon Co., Inc.
      95 Aubuchon Street
      Westminster, MA 01473

2.    Sarah Arel, Benefits Manager
      W.E. Aubuchon Co., Inc.
      95 Aubuchon Street
      Westminster, MA 01473

3.    Carrie Reddie
      Maureen Fitzgerald
      Charles T. Dobens
      c/o Benefirst, LLC

***Exhibit E***
Opposition to Motion
to Compel

4.    Charles S. Lord
      Chittenden Insurance Group
      100 Bark Street
      Burlington, VT

5.    Adria L. Garneau, CEBS
      c/o Northshore International Insurance Services
      199 Rosewood Drive
      Danvers, MA 01923

6.    Sandra Schnabel
      c/o BP, Inc.
      6160 Summit Drive
      Brooklyn Center, MN

7.    Paul Sullivan, formerly of Benefirst, LLC


Regarding meetings and conversations between the parties and actions taken by
the parties relating to the W.E. Aubuchon Co., Inc. Employee Medical Benefit
Plan and damages suffered by the plaintiffs.

**B.    Description by Category and Location of All Documents, Data Compilations,
       and Tangible Things That are Relevant**

The plaintiffs W.E. Aubuchon Co., Inc. and W.E. Aubuchon Co., Inc. Employee

Medical Benefit Plan note that discovery and investigation of this matter is ongoing.  All

of the following groups of documents are located at either W.E. Aubuchon Co., Inc., 95

Aubuchon Street, Westminster, MA  01473 or Benefirst, LLC, 1020 Plain Street,

Marshfield, MA 02050.

1.    Correspondence;

2.    Reports;

3.    Plan-related materials; and

4.    Contracts.

In addition, documents concerning audits of the plaintiffs' claims history can be

found at Northshore International Insurance Services, Danvers, MA.

{Client Files\LIT\302508\0002\00600141.DOC;1}

## C.    Computation of Damages

The plaintiffs W.E. Aubuchon Co., Inc. and W.E. Aubuchon Co., Inc. Employee

Medical Benefit Plan seek an award of their damages, attorneys fees and costs pursuant

to 29 U.S.C. § 1132, and for such further relief as this Honorable Court deems just and

equitable. Plaintiffs have not determined the full amount of their losses at this time.

## D.    Existence and Contents of any Insurance Agreements

Not applicable.

The plaintiffs W.E. Aubuchon Co., Inc. and W.E. Aubuchon Co., Inc. Employee

Medical Benefit Plan reserve the right to supplement this disclosure as additional

information or material becomes available in the discovery process.

> W.E. AUBUCHON CO., INC. and
> W.E. AUBUCHON CO. INC.
> EMPLOYEE MEDICAL BENEFIT PLAN
>
> By Their Attorneys,
>
>
> Louis M. Ciavarra  (BBO#546481)
> Ryan T. Killman  (BBO #654562)
> Bowditch & Dewey, LLP
> 311 Main Street
> P.O. Box 15156
> Worcester, MA 01615-0156
> Telephone:  (508) 926-3408
> Facsimile:    (508) 929-3011

Date:    October 27, 2005

## CERTIFICATE OF SERVICE

I, Ryan T. Killman, certify that on this 27th day of October, 2005, I served the

foregoing by mailing a copy, first class mail, postage prepaid, to:

Richard J. Poliferno
Long & Houlden
100 Summer Street
Boston, MA 02110

_____
Ryan T. Killman