# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

**W.E. AUBUCHON CO., INC., AUBUCHON
DISTRIBUTION, INC., W.E. AUBUCHON
CO. INC. EMPLOYEE MEDICAL
BENEFIT PLAN, and AUBUCHON
DISTRIBUTION, INC. EMPLOYEE
MEDICAL BENEFIT PLAN**
                            **Plaintiffs,**

v.

**BENEFIRST, LLC**,

                            **Defendant.**

CIVIL ACTION No. 05-40159 FDS

## JOINT MOTION TO REVISE SCHEDULING ORDER
_____

### INTRODUCTION

In April, this Court entered a scheduling order for this case that sets the close of fact discovery for September 15, 2006, expert disclosures by the Plaintiffs by October 30, 2006, and expert disclosures by the Defendant on November 30, 2006.  Since April, two additional plaintiffs have been added to this case, new counsel has appeared for the defendant, and investigation has identified additional documentation that may be relevant to the issues raised in the pleadings.  As a result, the parties have conferred and determined that the issues in this case, as well as the likely scope of discovery, can  be narrowed by additional document production and fact discovery, and by altering the order in which certain disclosures occur.  Accordingly, the parties seek to amend the present scheduling order to allow for additional time to comply with the various deadlines presently in effect.

### BACKGROUND

This case was instituted in September 2005 by two plaintiffs, W.E. Aubuchon Co. Inc. and W.E. Aubuchon Co. Inc. Employee Medical Benefit Plan.  At that time, the lawsuit alleged claims that related only to one particular employee benefit plan, which was provided by plaintiff  W.E.

Aubuchon Co. Inc. to its employees, and which was administered for certain years by BeneFirst. Thereafter, as part of discovery, BeneFirst produced thousands of pages of materials related solely to the operation of that one benefit plan, and a discovery schedule was agreed upon by Plaintiffs' counsel and Defendant's then counsel premised on the involvement in the lawsuit of only that one benefit plan.

The agreed upon scheduling order that was entered by this Court provided as follows: close of fact discovery on September 15, 2006[1]; expert disclosures by the Plaintiffs by October 30, 2006; expert disclosure by the Defendant on November 30, 2006; expert depositions by December 30, 2006; summary judgment motions at the end of February 2007; and a pretrial conference on May 10, 2007.

The Plaintiffs subsequently filed a motion seeking leave to expand their lawsuit to include new parties as plaintiffs and to add claims related to a separate employee benefit plan provided by a different company than either of the original plaintiffs. The motion sought to add Aubuchon Distribution, Inc. and the Aubuchon Distribution Employee Benefit Plan as additional plaintiffs with corresponding additional claims on behalf of each. This Court allowed the amendment on May 17, 2006. As a result of these events, it was determined that it was necessary to retain counsel for BeneFirst with greater ERISA experience and, accordingly, this matter was transferred from BeneFirst's original counsel to its current counsel, The McCormack Firm.

Since taking over the defense of BeneFirst, current counsel for BeneFirst has determined that the documents produced by prior counsel related entirely to the original plaintiffs to this action, W.E. Aubuchon Co., Inc. and its corresponding medical benefit plan. BeneFirst's counsel is presently in the process of gathering documents pertaining to the newly added plaintiffs to the action, Aubuchon Distribution and its medical benefit plan. The parties have agreed between

---

[1]The current scheduling order allows the parties to extend this deadline by 30 days by mutual agreement, and the parties have agreed to avail themselves of this option if the court does not grant this joint motion.

themselves (as provided in the proposed new discovery schedule set forth below) that production of these documents shall occur on or before September 30, 2006.

The parties have determined between themselves that the production of these documents will affect the plaintiffs' ability to respond thoroughly to interrogatories that the defendant served upon them and which are currently outstanding, and that, in turn, whether or not the defendants can fully respond to the interrogatories will affect the number and scope of depositions that the defendant will have to conduct. BeneFirst served written discovery, including interrogatories, on all of the defendants in late July, within the deadline imposed by the current discovery schedule. The plaintiffs' responses to BeneFirst's interrogatories and requests for production are currently due on August 28, 2006. The plaintiffs have determined that until receiving the additional documents, they cannot provide a complete answer to certain interrogatories that require them to detail the alleged errors in the operations of the two plaintiff employee benefit plans by BeneFirst, and the parties are in agreement that BeneFirst cannot narrow necessary deposition practice without first receiving that information. As a result, the parties believe that the case can proceed more efficiently, and with less wasted discovery, by altering the schedule for this lawsuit to allow for the September 30 production of remaining documents, followed by full and comprehensive interrogatory answers by the defendants, and then in turn by depositions, whose number and scope can likely be limited based on the information detailed in the defendants' interrogatory answers.

In contrast, if the discovery schedule for this case is not altered, the parties expect that BeneFirst will have to conduct depositions over the next several weeks without the benefit of a complete and full understanding of the exact errors in the operation of the plans on which the plaintiffs' claims are based. In that event, BeneFirst will be forced to conduct depositions broadly, for the purpose of covering evidence related to any and all possible errors that the defendants may end up alleging. By restructuring the case to allow deposition practice only after a full and complete description is provided by the plaintiffs of the alleged errors, deposition practice - both in terms of

3

the number of deponents and the scope of inquiry for each deponent - can be reduced to only those witnesses and topics needed for defending against the specific errors identified by the plaintiffs in their interrogatory answers.

## PROPOSED REVISIONS TO DISCOVERY SCHEDULE

In light of the foregoing developments and contingencies, the parties have conferred and agreed that a reasonable and logical schedule on a going forward basis would provide as follows:

| On or before: | Action: |
| --- | --- |
| **September 30, 2006** | BeneFirst to supplement its prior responses to document requests to the extent that BeneFirst agreed to do so in its previously filed Opposition to the Plaintiff's Motion to Compel, or to the extent, if greater, ordered by the Court in response to the pending Motion to Compel if the parties are unable to resolve any remaining dispute over what documents should be produced. |
| **October 30, 2006** | Plaintiffs to provide full interrogatory answers within 30 days of receipt of additional discovery responses and materials from BeneFirst and to provide full responses to requests for production of documents served upon them |
| **January 3, 2007** | Completion of non-expert witness discovery depositions |
| **February 2, 2007** | Plaintiffs designate and provide expert witness disclosures |
| **March 5, 2007** | Defendant designates and provides expert witness disclosures |
| **April 4, 2007** | Completion of all expert witness depositions |
| **June 6, 2007** | Filing deadline for all dispositive motions with oppositions due 30 days after service of dispositive motion |
| **To be determined** | Pretrial conference per court schedule. |

## CONCLUSION

For all of the foregoing reasons, all parties respectfully request that the Court revise the scheduling order in this case as set forth above.


Respectfully submitted,                          Respectfully submitted,


*/s/  Louis M. Ciavarra*                          */s/  Stephen D. Rosenberg*
Louis M. Ciavarra     [BBO#  546481]             Stephen D. Rosenberg      [BBO# 558415]
**Bowditch & Dewey, LLP**                         Eric L. Brodie      [BBO# 639833]
311 Main Street                                  **THE MCCORMACK FIRM, LLC**
P.O. Box 15156                                   One International Place - 7th Floor
Worcester, MA     01615-0156                      Boston, MA     02110
Ph:     508•926•3408                             Ph:     617•951•2929
Fax:    508•929•3011                             Fax:    617•951•2672
lciavarra@bowditch.com                           srosenberg@mccormackfirm.com


**Dated:**  August  24, 2006


88322.3

5

## CERTIFICATE OF SERVICE

I hereby certify that today, August 24, 2006, a copy of the foregoing **Joint Motion to Revise Scheduling Order** was served via the ECF system upon the following attorneys of record, each of whom has been identified as a registered participant on the Notice of Electronic Filing (NEF):

> Louis M. Ciavarra      *lciavarra@bowditch.com*
> Ryan T. Killman        *rkillman@bowditch.com*
> Colleen E. Cushing    *ccushing@bowditch.com*
> **Bowditch & Dewey, LLP**
> 311 Main Street
> P.O. Box 15156
> Worcester, MA     01615-0156

> */s/ Stephen D. Rosenberg*
> Stephen D. Rosenberg