UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| W.E. AUBUCHON CO., INC., AUBUCHON DISTRIBUTION, INC., W.E. AUBUCHON CO. INC EMPLOYEE MEDICAL BENEFIT PLAN, and AUBUCHON DISTRIBUTION, INC. EMPLOYEE MEDICAL BENEFIT PLAN,<br><br>    Plaintiffs,<br><br>  v.<br><br>BENEFIRST, LLC,<br><br>    Defendant. | CIVIL ACTION<br>NO.  05-40159-FDS |

<u>**OPINION AND ORDER**</u>
**September 7, 2006**

**HILLMAN, M.J.**

### I.  INTRODUCTION

By Order of Reference dated August 24, 2006, the Plaintiff's *Motion to Compel Production of Documents and Things* (Docket #24) was referred to me for disposition pursuant to 28 U.S.C. § 636 (b)(1)(A).  The *Motion to Compel* seeks an Order directing the Defendant "to produce and/or make available for inspection all documents, materials an systems identified in its Initial Disclosures," to wit:

   A.   All RPC Reports for the entire period of time in which BeneFirst acted
        [as] the third party administrator for plaintiffs;

   B.   All claims files, including the actual bills in BeneFirst's possession,
        custody or control; and

   C.   BeneFirst's RIMS system along with all documents reflecting the plan
        build on the RIMS system.

1

(*Motion to Compel*, p. 6).  The Defendant opposes this Motion.  *See Defendant BeneFirst, LLC's Opposition to Plaintiffs' Motion to Compel Production*, filed August 9, 2006 (Docket #25).  For the reasons set forth below, the motion is **GRANTED** in part and **DENIED** in part consistent with this Memorandum.

## II.  FACTUAL BACKGROUND[1]

### A.  Background facts

This case involves the administration of qualified benefits plans under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, *et seq*.  The Plaintiff W.E. Aubuchon Co., Inc. is a Massachusetts corporation based in Westminster, Massachusetts. It is the employer, sponsor and administrator of the Plaintiff W.E. Aubuchon Co., Inc. Employee Medical Benefit Plan.  Aubuchon Distribution, Inc. is also a Massachusetts corporation based in Westminster.  Aubuchon Distribution is the employer and administrator of the "W.E. Aubuchon Co., Inc. & Aubuchon Distribution, Inc. Employee Medical Benefit Plan."[2]

BeneFirst, LLC, is a Massachusetts limited liability company based in Marshfield, Massachusetts.  BeneFirst allegedly entered into a contract with the Plaintiffs to administer the two ERISA employee benefit plans as a third-party administrator.  BeneFirst's obligations included "investigating and determining eligibility, payments, co-pays, co-insurance and

---

[1] The parties' submissions do little to illuminate the underlying dispute between the parties, the subject matter of the discovery, or its perceived relevance.  Even after a careful study of the parties' motion papers – as well as every other pleading filed with the Court – the Court is forced to speculate about the precise nature of the alleged wrongdoing, the contents of the discovery requests, and even the meanings of terms for which the Plaintiff seeks an order compelling production.  However, the Defendant has not questioned the meaning of the undefined terms "RPC" and "RIMS," and the Court proceeds with the understanding that the Defendant knows what they mean.

[2] It is unclear whether "W.E. Aubuchon Co., Inc. & Aubuchon Distribution, Inc. Employee Medical Benefit Plan" (as identified in Paragraph 2 of the Plaintiff's Amended Complaint) is the same as "Aubuchon Distribution Inc. Employee Medical Benefit Plan" (as named in the Amended Complaint's caption).  *See* Docket #19 at p. 1.

subrogation claims," for which BeneFirst allegedly "exercised discretion and control over [its] decisions [presumably with respect to payment of claims] and was paid to execute these duties properly." (*Amended Complaint*, Docket #19, ¶14). The Plaintiffs charge that BeneFirst failed to perform its duties properly, in breach of its fiduciary duties to the plaintiffs (Counts I and II), and in breach of the underlying contract (Counts III and IV).

### B.  Facts relevant to the motion to compel

#### 1.   Automatic disclosure

On December 14, 2005, BeneFirst served its initial automatic disclosure pursuant to Fed. R. Civ. P. 26(a)(1). Rule 26(a)(1) provides in relevant part that:

> Except [in circumstances not relevant here], a party must, without awaiting a discovery request, provide to other parties:
> *     *     *     *     *
> (B)  a copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment.

Fed. R. Civ. P. 26(a)(1). Less than helpfully, BeneFirst disclosed only "correspondence, reports, plan materials, contracts and electronic monthly reports submitted to the Plaintiff" in its Rule 26(a)(1)(B) disclosure. (*Motion to Compel*, p. 3). By letter dated May 26, 2006, the Plaintiffs made an informal request for specific documents it contends were (or should have been) described by BeneFirst's Rule 26(a)(1)(B) disclosure:

> [W]e need the "rpc(s)" for the entire period of time in which Benefirst [*sic*] acted as the third party administrator for [Plaintiffs]. In addition, we need access to the RIMS system along with all documents reflecting the plan build on the RIMS system. Finally, we need access to all of the claims files, including the actual bills. I believe these documents should have been produced during the initial disclosures.

(*Motion to Compel*, Ex. A, Docket #24-2).

3

### 2.     The Plaintiffs' Request for Production of Documents

The Plaintiffs served a formal *First Request for Production of Documents on Benefirst* [*sic*] on October 27, 2005.  The *Request* sought any and all documents "which were utilized by the Defendant to provide services to the Plaintiffs," or which "evidence any methodologies or processes utilized by the Defendant to provide services to the Plaintiffs," or which concerned "[a]ny and all audits conducted by the Defendant on or [*sic*] the Defendant's behalf concerning the Plaintiffs." (*Motion to Compel*, pp. 4-5).  BeneFirst responded on January 13, 2006, objecting that the Requests "violate[d] the requisite degree of 'reasonable particularity' under Fed. R. Civ. P. Rule 34(b) by not [*sic*] specifying neither time, nor place, nor person, nor event describing the [documents, processes, or audits].  Furthermore the Request is unduly burdensome and overly broad, and not reasonable [*sic*] calculated to lead to admissible discovery." (*Id.*).

### 3.     The motion to compel

BeneFirst acquired its current counsel in mid-May, and in mid-June sought an extension of the discovery schedule.  This request came three weeks after the Plaintiffs' May 26 letter requesting production of the disputed materials.  The Plaintiffs declined the request and responded with a letter dated June 23, 2006 threatening a motion to compel. (*Motion to Compel*, Ex. B, Docket #24-3).  BeneFirst's June 29 voice-mail advised that the Plaintiffs' request was "still being investigated." (*Defendant's Opposition*, p. 3).  On July 18, with the then-extant discovery deadline less than two months away (and almost two months after the Plaintiffs' initial correspondence) BeneFirst advised the Plaintiffs that its investigation was continuing, and it would "forward the documents, if any, that the plaintiffs are entitled to as quickly as possible." (*Id.,* Ex. C).

The Plaintiffs' motion was filed eight days later, on July 26, 2006.  The Plaintiffs argue that BeneFirst (1) failed to provide "RPC" reports for the time in which BeneFirst acted as a third-party administrator for the Plaintiffs, (2) did not provide access to its RIMS system, and (3) failed to produce claims files (including actual bills) relating to the Plaintiffs.  (*Motion to Compel*, p. 3).  The Plaintiffs assert those materials were (or should have been) covered by their informal request for BeneFirst's Rule 26 automatic disclosure, and in any event were encompassed within their First Request for Production of Documents.  (*Id.*, p. 4).  The Motion to Compel fails to explain the relevance of the requested materials.

Calling the motion "surprising, groundless, and, at the very least, premature," BeneFirst claims that over 38,000 pages of documents were provided to the Plaintiffs on January 31, 2006 (*Defendant's Opposition*, p. 2).  BeneFirst took issue with the Plaintiffs' LR 37.1 conference efforts, (*id.*, p. 3-5), and claimed full compliance with its obligations under Fed. R. Civ. P. 26(a)(1), (*id.*, pp. 5-6).  More generally, BeneFirst asserts that it either complied with the Plaintiffs' Request for Production or asserted valid objections, and that the Plaintiffs were otherwise not entitled to the documents subject to this motion.  (*Id.*, pp. 7-11).

### III.  ANALYSIS

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party[. . . .] Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).  The scope of discovery is wide ranging.  As the Supreme Court stated, the word "relevant" encompasses:

5

>any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case . . .. [D]iscovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues. Nor is discovery limited to the merits of a case, for a variety of fact-oriented issues may arise during litigation that are not related to the merits.

*Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citing *Hickman v. Taylor*, 329 U.S. 495, 50, 507 (1947) (purpose of discovery rules is to permit "the parties to obtain the fullest possible knowledge of the issues and facts before trial")). *See also United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958) ("Modern instruments of discovery serve a useful purpose. . . . They together with pretrial procedures make a trial less a game of blindman's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent. Only strong public policies weigh against disclosure.").

The trial court's power to control discovery is broad. *City of Waltham v. U.S. Postal Service*, 11 F.3d 235, 243 (1st Cir. 1993), *Santiago v. Fenton*, 891 F.2d 373, 379 (1st Cir.1989). This broad power is properly exercised by weighing discovery burdens against the likelihood of finding relevant material. *Mack v. Great Atlantic & Pacific Tea Co.*, 871 F.2d 179, 186-87 (1st Cir. 1989).

BeneFirst does not claim the disputed documents are irrelevant (despite the Plaintiffs' failure to argue that point), and thus has waived that argument. Nonetheless, given that the Complaint seemingly involves BeneFirst's analysis of employees' health benefit claims through use of a computerized system (presumably the RIMS system, which presumably generated monthly RPC reports), the Court concludes that the documents are more likely than not either relevant or at least "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

## A. The Local Rule 37.1 issue

BeneFirst argues that the Plaintiffs' failure to comply with the "spirit" of LR 37.1's conference requirement should bar the Plaintiffs' Motion. (*Defendant's Opposition*, pp. 5 ("knowing full well that counsel for BeneFirst was continuing to investigate [Plaintiffs'] request and would produce any responsive documents as soon as possible, Plaintiffs' counsel filed this Motion")). The Court declines to do so. Although unimpressive, the Plaintiffs at least made a minimal effort to comply with the Local Rule's dictates.[3] *See Motion to Compel* at p. 7. While the Court does *not* believe "that BeneFirst simply did not respond to [the Plaintiffs'] request for additional documents," (*Defendant's Opposition*, p. 4), BeneFirst did not provide the Court with evidence as to its steps to respond to the Plaintiff's requests. Changes of counsel will merit leeway, but that leeway must be reasonable and not operate as a proxy for delay in light of an impending discovery deadlines. Under the circumstances, the Plaintiffs' efforts were minimally sufficient to satisfy its obligations under LR 37.1.

---

[3] As to the conference, that is. The Plaintiffs' filings failed to comply with other aspects of Local Rule 37.1. Local Rule 37.1(b) obliges a moving party to file:

> [a] memorandum [which] shall state with particularity the following:
> \*   \*   \*   \*   \*
> (4) Each . . . request for production . . . or other discovery matter raising an issue to be decided by the court, and the response thereto; and
> (5) *A statement of the moving party's position as to each contested issue, with supporting legal authority, which statement shall be set forth separately immediately following each contested item.*

LR 37.1(b)(4)-(5) (emphasis added). The Plaintiff's motion makes no pretense at complying with LR 37.1(b)(5). While following the Local Rules may be a time-consuming exercise for the practitioner, it enables the Court to evaluate each request specifically, cogently, and quickly; rather than forcing the Court to speculate as to the parties' positions vis-à-vis each request. *Cf. Massachusetts Electric Co. v. Travelers Casualty & Surety Co.*, 14 Mass. L. Rptr. 86, 2001 WL 1763448 at \*2 (Mass. Super. Sept. 27, 2001) (Fecteau, J.).

### B. Compliance with Fed. R. Civ. P. 26(a)(1)

BeneFirst argues that it complied with its obligations under Rule 26(a)(1)(B), and so the Plaintiffs' motion should be denied to the extent it is predicated on a violation of that Rule. It argues that Rule 26(a)(1) did not obligate it produce and/or provide access to its RIMS system, all documents reflecting the plan build on the RIMS system and all of its RPC reports and claims files, including actual bills, as part of its Initial Disclosures. (*Defendant's Opposition*, p. 6).

That is true -- insofar as it goes. In adopting Rule 26(a)(1)(B), the Rules Advisory Committee noted that:

> an itemized listing of each exhibit is not required, [but] the disclosure should describe and categorize, to the extent identified during the initial investigation, the nature and location of potentially relevant documents and records, including computerized data and other electronically-recorded information, sufficiently to enable opposing parties (1) to make an informed decision concerning which documents might need to be examined, at least initially, and (2) to frame their document requests in a manner likely to avoid squabbles resulting from the wording of the requests. As with potential witnesses, the requirements for disclosure of documents applies to all potentially relevant items then known to the party, whether or not supportive of its contentions in the case.
>
> [S]ubparagraph (B) does not require production of any documents. . . . If, as will be more typical, only the description is provided, the other parties are expected to obtain the documents desired by proceeding under Rule 34 *or through informal requests*.
>
> The disclosure requirements should, in short, be applied with common sense in light of the principles of Rule 1, keeping in mind the salutary purposes that the rule is intended to accomplish. *The litigants should not indulge in gamesmanship with respect to the disclosure obligations.*

Fed. R. Civ. P. 26 Advisory Committee's Notes, 1993 Amendments (emphasis added).[4]

However, the Plaintiffs' May 26 letter was an informal request of the sort contemplated by Rule

---

[4] Those Notes also tell us that "the spirit of the rules is violated when advocates attempt to use discovery tools as tactical weapons rather than to expose the facts and illuminate the issues by overuse of discovery or unnecessary use of defensive weapons or evasive responses. All of this results in excessively costly and time-consuming activities that are disproportionate to the nature of the case, the amount involved, or the issues or values at stake." Fed. R. Civ. P. 26 Advisory Committee's Notes, 1983 Amendment comments.

26(a)(1)(B). BeneFirst should have either produced the requested materials or explained why the materials were not encompassed within its Rule 26(a)(1)(B) submissions. *See*, *e.g.*, *Kern River Gas Transmission Co. v. 6.1 Acres of Land*, 156 Fed. App. 96, 101 (10th Cir. 2005) (upholding discovery sanction with respect to Fed. R. Civ. P. 26(a)(1)(B) notwithstanding that request for production was made informally).

### C.  Adequacy of description

BeneFirst next complains that the Plaintiffs' Request for Production "did not sufficiently designate the records to be produced and failed to sufficiently describe each document so that BeneFirst could know with reasonably certainty what it was required to produce." (*Defendant's Opposition*, p. 7). The Plaintiffs asked for documents used by BeneFirst "to provide services to the Plaintiffs." BeneFirst argues that the "Plaintiffs could shoehorn practically any documents that they want to obtain from BeneFirst into the scope of [its] requests." (*Defendant's Opposition*, p. 8).

It is difficult to reconcile this argument with the level of disclosure provided in BeneFirst's own Rule 26(a)(1) disclosure. Having identified only "correspondence, reports, plan materials, contracts and electronic monthly reports submitted to the Plaintiff" in its initial disclosure, BeneFirst is equitably hard put to complain about discovery requests containing a similar quantum of specificity. While far from the model of precision usually seen in this Court, the Plaintiffs' request was sufficient to put BeneFirst on notice that the Plaintiffs sought all documents used by BeneFirst in administering the Plans. The parties need not resort to hypertechnical linguistic gymnastics when describing the categories of materials. *See* C. Wright, A. Miller and R. Marcus, 8A *Federal Practice and Procedure* § 2211 (1994 & Supp. 2006):

9

> Even a generalized designation should be sufficient when the party seeking discovery cannot give a more particular description and the party from whom discovery is sought will have no difficulty in understanding what is wanted. . . . The goal is that the designation be sufficient to apprise a person of ordinary intelligence what documents are required and that the court be able to ascertain whether the requested documents have been produced.

*Id.* at pp. 413-415 (citations omitted). Applying that standard, this Court concludes the Plaintiffs' Requests are not unenforceably vague or ambiguous.

### D. Breadth of responses

The Plaintiffs also seek the "claims files" relating to claims for reimbursement submitted by the Plaintiffs' Plan members. BeneFirst characterizes this request as "so broad as to be essentially incapable of a response." (*Defendant's Opposition*, p. 9). BeneFirst suggests that the Plaintiffs are seeking "the actual medical bills submitted [to BeneFirst] and paid" under the Plan, and asserts that it has "determined that such materials cannot be located by reviewing materials relating solely to the W.E. Aubuchon Co. Inc. Employee Medical Benefit Plan, because such materials were indexed by claims examiner, and not by particular benefit plan." (*Id.*, p. 10).

This contention strains credulity. The claim that an organization would store data relating to ERISA plan administration in a manner that precludes sorting by Plan is difficult to fathom. Different ERISA benefit plans doubtlessly contain different terms and conditions (deductibles, co-payment rates, covered services, and the like), and a plan administrator would unquestionably wish to index claims by plan, if only for internal auditing purposes. Even if data were reformatted by an acquiring company, such a company would have every incentive to preserve such information.

However, the Court notes that this claim is unsupported by affidavit testimony from a BeneFirst witness having personal knowledge of the decisions and parameters for storage of that particular data. Similarly, BeneFirst submits no evidentiary information as to the costs associated with reviewing the "tens of thousands of documents" each of which allegedly "contain[s] multiple entries related to a variety of benefit plans." (*Defendant's Opposition*, p. 10). Without information to that end, the Court cannot give dispositive weight to what are, in essence, arguments by counsel.

### E. Addressing the requests as framed by the Plaintiff

With the foregoing analysis in mind, the Court turns to the specific requests articulated by the Plaintiffs:

**1.    All RPC Reports for the entire period of time in which BeneFirst acted [as] the third party administrator for plaintiffs.**

BeneFirst claims that the requested reports have already been provided to the Plaintiffs. In addition to receipt in the ordinary course of business, "monthly RPC reports for the W.E. Aubuchon Co. Inc. Employee Medical Benefit Plan were all produced yet again to the Plaintiffs over six months ago" as part of the 38,000-plus documents produced on CD-ROM. (*Defendant's Opposition*, p. 9). Having been given no basis to discredit counsel's representation, the motion is DENIED with respect to this request. However, BeneFirst shall identify the virtual locations of the RPC reports on the CD-ROM(s) produced to Plaintiffs in a manner that permits their easy retrieval (e.g., by directory and/or document name, prefix or suffix).[5]

---

[5] Assuming the accuracy of BeneFirst's representation that only one set of Requests for Production was served prior to entry of the W.E. Aubuchon Co., Inc. & Aubuchon Distribution, Inc. Employee Medical Benefit Plan into this litigation, BeneFirst needs not provide information with respect to that plan.

**2.    All claims files, including the actual bills in BeneFirst's possession, custody or control**

The Court declines to credit BeneFirst's arguments that it cannot produce information specific to Aubuchon, and its claim of undue burden, without evidence from BeneFirst witnesses having personal knowledge of the same. BeneFirst shall provide the Plaintiffs with the requested information within 30 days. To the extent BeneFirst cannot provide data exclusive to the Plaintiffs' plans, BeneFirst may either redact other plans' information or submit a proposed stipulation and order designating the information as confidential attorneys' eyes only information. In the alternative, BeneFirst may, within 10 days of this Order, move for reconsideration with evidentiary affidavits from a person with first hand knowledge (such as a chief information officer, or other person with authority) providing the Court with information consisting of, at a minimum:

    a.    The precise manner in which all claims files and actual bills pertaining to the administration of the W.E. Aubuchon Co., Inc. Employee Medical Benefit Plan are stored, including the physical location, computer format, and all methods of indexing that information;

    b.    The manner in which incoming claims were assigned by BeneFirst to claims handlers, including the names of claims handlers, and whether the claims handlers that handled Plaintiffs' claims also handled other claims;

    c.    The decision-making process as to the indexing and data storage of BeneFirst claims;

    d.    The number of plans administered by BeneFirst, and a best estimate as to the number of claims submitted by each plan for the time period in question in this dispute;

    e.    The existence (or not) of any documentation supporting the decision and process by which BeneFirst claims were indexed; and

    f.    The date(s) on which the Plaintiffs' claims files and supporting documentation (including bills) were reduced to computer storage;

    g.    The estimated cost, in terms of employee hours and wages, involved with producing information specific to Aubuchon; and

    h.      Any other information that may assist the Court in determining the validity of BeneFirst's objections.

    **3.**      **BeneFirst's RIMS system along with all documents reflecting the plan build on the RIMS system.**

BeneFirst asserts that it leased the RIMS computer system and no longer has possession, custody or control over it. Having been given no basis to discredit counsel's representation, the motion is DENIED with respect to this request. However, BeneFirst shall identify the time, manner, and date of the disposition of BeneFirst's RIMS system, together with the identity of its current custodian, and shall produce any and all documents relating to its disposition, including the decision to dispose of it.

## IV. CONCLUSION

For the foregoing reasons, it is hereby ORDERED the Plaintiff's Motion to Compel is GRANTED in part and DENIED in part consistent with the terms set forth in this Memorandum.

IT IS SO ORDERED.

                                                  /s/ Timothy S. Hillman
                                                  Timothy S. Hillman
                                                  United States Magistrate Judge