UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| W.E. AUBUCHON CO., INC., AUBUCHON DISTRIBUTION, INC., W.E. AUBUCHON CO. INC. EMPLOYEE MEDICAL BENEFIT PLAN, and AUBUCHON DISTRIBUTION, INC. EMPLOYEE MEDICAL BENEFIT PLAN<br>　　　Plaintiffs,<br><br>v.<br><br>BENEFIRST, LLC,<br>　　　Defendant. | C.A. No. 05-40159FDS<br>(Louis M. Ciavarra. BBO# 546481)<br>(Ryan T. Killman BBO# 654562)<br>(Colleen E. Cushing BBO# 663498) |

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION**

　　This Court issued its Order on September 7, 2006, in response to Plaintiffs' Motion to Compel Discovery. Eleven days later, on September 18, 2006, Defendant filed a Motion for Reconsideration. Plaintiffs now request that the Court defer any ruling on Defendant's Motion for Reconsideration until the parties report to the Court the results of their efforts to voluntarily exchange additional information. Specifically, and in response to Plaintiffs' Motion to Compel, Defendant agreed to provide additional data no later than September 30, 2006 and depending on what is produced, with the exception of the actual medical bills, the production of which remains in dispute, it may be that all materials necessary will be provided by the September 30 date. If that turns out to be the case, then there may be no need for the Court to address the Motion for Reconsideration with that one exception. Even with respect to the medical bills, the parties may be able to narrow the dispute depending on the new production. While Plaintiffs believe that those records still need to be produced and that it will be impossible for them to conduct any accurate or meaningful audit of Defendant's services without such medical records, the Court does not need to act upon that issue at this time. Defendant claims that because of the way it

chose to maintain its records, it would be unduly burdensome to actually search for the medical records in question. It claims that there are probably 34,000 such medical records. However, Plaintiffs will not need to review even a significant percentage of those medical records. Rather, the way an audit takes place is the expert reviews the Paid Claims Reports, which are in the process of being produced, and from those reports identifies the specific transactions it needs to review and audit. Depending upon that initial analysis, the request could be a small percentage of the total medical bills paid and thus Defendant's position with respect to the effort to produce the documents, which clearly are relevant and should be produced, would be moot.

Therefore, Plaintiffs request that the Court not act on Defendant's Motion for Reconsideration at this time, allow Defendant to complete their production by September 30, 2006 as they agreed, and then allow time for Plaintiffs to designate the medical records they need. If, as a result of that process, the parties can still not agree on whether the medical records should be produced by Defendant, the Motion can be refiled with the Court.

Respectfully submitted,

W.E. AUBUCHON CO., INC.,
AUBUCHON DISTRIBUTION, INC.,
W.E. AUBUCHON CO., INC.
EMPLOYEE MEDICAL BENEFIT PLAN, and
AUBUCHON DISTRIBUTION, INC.
EMPLOYEE MEDICAL BENEFIT PLAN,

By Their Attorneys,

/s/ Louis M. Ciavarra
Louis M. Ciavarra (BBO#546481)
Ryan T. Killman (BBO#654562)
Colleen E. Cushing (BBO# 663498)
Bowditch & Dewey, LLP
311 Main Street
P.O. Box 15156
Worcester, MA 01615-0156
Telephone: (508) 926-3408
Facsimile: (508) 929-3011

Dated: September 26, 2006

{J:\CLIENTS\LIT\302508\0002\PLD\00774433.DOC;1}

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on July 26, 2006.

/s/ Louis M. Ciavarra

{J:\CLIENTS\LIT\302508\0002\PLD\00774433.DOC;1}