UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| W.E. AUBUCHON CO., INC., AUBUCHON DISTRIBUTION, INC., W.E. AUBUCHON CO. INC. EMPLOYEE MEDICAL BENEFIT PLAN, and AUBUCHON DISTRIBUTION, INC. EMPLOYEE MEDICAL BENEFIT PLAN<br>    Plaintiffs,<br><br>v.<br><br>BENEFIRST, LLC,<br>    Defendant. | C.A. No. 05-40159FDS |

**STIPULATION AND ORDER FOR THE PROTECTION
AND EXCHANGE OF CONFIDENTIAL INFORMATION**

IT IS HEREBY STIPULATED AND AGREED, by and between counsel for the parties in the above-captioned action, subject to the approval of the Court, that the following Stipulation and Order shall govern the handling of documents produced by The TriZetto Group, Inc. ("TriZetto") in connection with this litigation.

1. The documents requested of, and provided by TriZetto contain Confidential Information (hereinafter referred to as the "TriZetto Confidential Information"). TriZetto shall label all Confidential Information prior to production, and all such Confidential Information shall bear the term Confidential. The terms of this Stipulation shall govern only documents so marked, and any other documents produced by TriZetto shall not be subject to the terms of this Stipulation. All documents or other materials or information, whether or not marked Confidential, shall be produced simultaneously to all parties in this litigation.

2. The TriZetto Confidential Information contains "Protected Health Information" as the

term is defined by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and implementing regulations thereof.

3. The TriZetto Confidential Information also contains "Trade Secrets" as the term is defined under 18 U.S.C. §1839(3) and M.G.L. c. 266 §30(4) and M.G.L. c. 93 §2.

4. The TriZetto Confidential Information shall not otherwise be provided to competitors of TriZetto.

5. Any access, copying or dissemination of the TriZetto Confidential Information shall be limited to (a) officers or other employees of the parties with a reasonable need to view the documents for purposes of this litigation; (b) the parties' respective counsel and those in their staff performing services in connection with this litigation, the Court and its personnel, court reporters, and third party vendors such as copying services; (c) independent experts or consultants, and their designated assistants, who are not employees of the parties or a related company or competitor, and whose advice and consultation are being or will be used by Plaintiffs and/or Defendant in connection with this litigation; and (d) fact, lay, expert or other witnesses called to testify at a deposition or trial in this litigation. All such individuals are defined for purposes of this stipulation as a "Qualified Person".

6. Access to the TriZetto Confidential Information shall be limited to Qualified Persons provided that, with the exceptions detailed below, prior to access to any such information, such persons shall have read a copy of this Stipulation and shall have agreed in writing to be bound by its terms. Such agreement shall be in the form of the Acknowledgment of a Stipulation and Consent to Jurisdiction ("Acknowledgement") attached as <u>Exhibit A</u> hereto and shall be maintained by counsel of record who has permitted the access. Copies of such disclosures and Acknowledgements shall be made available to TriZetto upon request. The persons identified in paragraph 5(b) above shall not be

subject to the requirements of this paragraph. In addition, witnesses (including lay and expert witnesses and any other witnesses) examined at trial or in a deposition are foreclosed from disclosing any TriZetto Confidential Information disclosed to them and shall be advised of this at the time of their examination.

7. The TriZetto Confidential Information shall be maintained in confidence and may be used only in connection with this litigation, including preparation and trial thereof and/or settlement negotiations, between the parties, and for no other purpose whatsoever. The TriZetto Confidential Information shall not be copied or reproduced in any other form or manner except for its use by a Qualified Person and solely in connection with this litigation.

8. The TriZetto Confidential Information may be included in whole or in part in pleadings, motions, briefs, or other submissions to the Court, provided that any submissions containing such TriZetto Confidential Information be so identified. Such pleadings, motions, briefs, or other submissions containing the TriZetto Confidential Information shall be filed with the Court in accordance with the procedures set forth in Local Rule 7.2. In addition, such materials shall be filed in sealed envelopes prominently marked with the caption of this case and the notation:

> CONTAINS CONFIDENTIAL INFORMATION
> SUBJECT TO A CONFIDENTIALITY AGREEMENT
> To be Opened Only As Directed by the Court

The first page of such pleadings, motions, briefs, or other submissions shall include the same notation.

9. If counsel for either party believes that questions put to a witness being examined in a pre-trial deposition will disclose TriZetto Confidential Information or that the answers to any question or questions require such disclosure, or if documents to be used as exhibits during the examination contain TriZetto Confidential Information, such counsel shall so notify opposing

3

counsel and the deposition of such witness, or confidential portions thereof, shall be taken only in the presence of the reporter, persons identified in Paragraph 5(b) and Qualified Persons who have signed an Acknowledgement.

10.   The parties of this action shall bear all expenses in complying with the requirements of any subpoena, and the preparation, filing and adherence to this Stipulation and Order relative to the TriZetto Confidential Information.

11.   This Stipulation and Order is subject to further modification by order of the Court on the Court's own initiative, or upon motion by any person having an interest affected by this Stipulation and Order for good cause shown.

| | |
|---|---|
| W.E. AUBUCHON CO., INC., AUBUCHON DISTRIBUTION, INC., W.E. AUBUCHON CO., INC. EMPLOYEE MEDICAL BENEFIT PLAN, and AUBUCHON DISTRIBUTION, INC. EMPLOYEE MEDICAL BENEFIT PLAN, By Their Attorneys, | BENEFIRST, LLC By its Attorneys, |
| /s/ Ryan T. Killman | /s/ Stephen D. Rosenberg |
| _____ Louis M. Ciavarra  (BBO #546481) Ryan T. Killman (BBO #654562) Colleen E. Cushing (BBO # 663498) Bowditch & Dewey, LLP 311 Main Street P.O. Box 15156 Worcester, MA 01615-0156 Telephone:  (508) 926-3408 Facsimile:   (508) 929-3011 | _____ Stephen D. Rosenberg (BBO # 558415) Eric L. Brodie (BBO # 639833) The McCormack Firm, LLC One International Place – 7th Floor Boston, MA 02110 Telephone: (617) 951-2929 Facsimile: (617) 951-2672 |

Dated:  October 19, 2006

APPROVED AND SO ORDERED:

Date: _____, 2006                           _____

                                                                                  _____
                                                                                  United States District Judge

4

**EXHIBIT A**

**ACKNOWLEDGEMENT OF STIPULATION AND CONSENT TO JURISDICTION**

The undersigned, whose assistance is required in the preparation or trial of this action, has read the annexed Stipulation and Order, dated _____, 2006, understands its contents and hereby agrees to comply therewith. In addition, the undersigned agrees not to use such Confidential Documents or Confidential Information for any purpose other than preparing for or conducting this Litigation.

At the conclusion of the Litigation, all Confidential Documents or Confidential Information and all copies of same shall be promptly returned to the producing party.

I consent to the jurisdiction of the United States District Court for the District of Massachusetts for the purposes of enforcement of the Order.

Dated: ____, 2006

      Name:_____
          (print or type)


      Signature:_____


_____
Notary Public
My Commission Expires: