## UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| W.E. AUBUCHON CO., INC., AUBUCHON DISTRIBUTION, INC., W.E. AUBUCHON CO. INC. EMPLOYEE MEDICAL BENEFIT PLAN, and AUBUCHON DISTRIBUTION, INC. EMPLOYEE MEDICAL BENEFIT PLAN, <br>       Plaintiffs, <br><br>v. <br><br>BENEFIRST, LLC, <br>       Defendant. | CIVIL ACTION NO. <br>05-40159 FDS |

### JOINT MOTION TO RE-SET SCHEDULING ORDER
### AND FOR
### MISCELLANEOUS RELIEF RELATED TO DISCOVERY
_____

1. This case has been proceeding on a tight discovery schedule, which, in the version most recently set by the Court, required the plaintiffs to provide responses to requests for the production of documents on October 31, 2006 and answers to interrogatories on or before November 30, 2006. The discovery schedule then allowed for a two-month period for conducting fact depositions before the case moved onto expert discovery and then into summary judgment briefing. This schedule, however, was premised on all paper discovery being completed before the commencement of the period for depositions. In particular, the parties believed that the most efficient course to the litigation was for the plaintiffs to provide full disclosure in their interrogatory answers of exactly the errors and exactly which particular claims processed by their third-party administrator, the defendant in this action, were at issue in the lawsuit, before depositions commenced. It was believed that this would

    allow defendant BeneFirst to focus its discovery on only those exact claims and issues in dispute in the case. In the absence of that information, BeneFirst would instead have been forced to conduct discovery much more broadly because it would not know the specific claims and issues in dispute and could not narrow its deposition practice to focus solely on such specific issues. In turn, the plaintiffs could not produce such detailed interrogatory answers until any and all documents that they were going to receive in production from the defendant had been produced.

2. Discovery disputes and accompanying discovery motions have unavoidably delayed this process. Paper discovery has not yet been concluded, and the parties are unable to proceed efficiently with depositions as a result. Resolution of all issues involving paper discovery is expected to consume at least a significant amount of additional time.

3. Defendant has produced all requested documents within its possession, custody or control to the plaintiffs with the exception of the medical bills for approximately 3,000 claims processed by BeneFirst, which the plaintiffs are seeking production of. Magistrate Judge Hillman currently has under advisement the issue of whether production of these medical bills shall be required. If the production is granted, production of the medical bills to the plaintiffs will consume a substantial period of time. The defendant believes it will require anywhere from several weeks to multiple months of full-time work for those documents to be produced. In turn, the plaintiffs cannot fully answer interrogatories served upon them until either their expert reviews the medical bills in question or the plaintiffs learn that the medical bills will not be produced to them. The defendant does not believe that it can effectively conduct deposition practice in this case unless and until the plaintiffs provide thorough and final interrogatory answers.

4. In addition, a separate dispute arose over the plaintiffs' responses to the defendant's requests for the production of documents. A motion to compel further production from the plaintiffs is currently pending. However, after the filing of the motion to compel, the plaintiffs produced approximately three banker's boxes of documents and a privilege log detailing the documents that have been withheld from production. The parties have managed to narrow substantially the issues relating to the plaintiffs' document production, but have not fully resolved all issues related to them.

5. In addition, it is the defendant's position that the plaintiffs' interrogatory answers, which were served at the end of November 2006, are deficient and do not provide the factual information requested by many of the interrogatories. The parties are engaged in a good faith negotiation over the interrogatory answers and are hopeful that they can resolve this dispute without court intervention or at least significantly narrow the interrogatories on which court intervention is required. Once again, however, the defendant does not believe it can move forward effectively with depositions unless and until this dispute is resolved and final interrogatory answers are provided. As a result, if the parties cannot resolve this dispute by negotiation, the defendant will need to file a motion to compel further interrogatory answers.

6. In addition, the defendant has served keeper-of-the-record deposition notices on several third parties, including Northshore International Insurance Services. Northshore International Insurance Services has served a Rule 45 objection to the subpoena served upon it. The defendant is currently preparing a motion to compel compliance with the subpoena. Notably, however, it appears that the primary issue raised by the Rule 45

objection interposed by Northshore International Insurance Services – having to do with the scope of appropriate discovery from experts – is the same as the primary issue of disagreement still remaining between the defendant and the plaintiffs with regard to the adequacy of the plaintiffs' responses to the document requests served upon them by the defendant.  This is much narrower than the broader range of issues raised in the defendant's motion to compel production of documents by the plaintiffs which is currently pending, because most of the other issues raised in that motion to compel have been resolved by negotiation at this point between the plaintiffs and the defendant.  It appears that the only other remaining issue at this time as between the plaintiffs and the defendant with regard to the plaintiffs' production of documents, other than the issue of the scope of expert discovery and disclosure raised by both the motion to compel and the Rule 45 objection, concerns the legitimacy of the claim of attorney/client or work product privilege raised by the plaintiffs with regard to certain documents on their privilege log.

7.  As a result, the parties believe it would be cost effective for them – and would conserve the Court's resources – to withdraw BeneFirst's current motion to compel production of documents from the plaintiffs, and for BeneFirst to instead file a new comprehensive motion to compel.  The revised motion would address both Northshore International Insurance Services' Rule 45 objections and the remaining issue of whether the plaintiffs have properly withheld from production expert-related documents.  (This latter issue was raised in the currently pending motion to compel; as a practical matter it would be more efficient to address the same issues in a single comprehensive motion rather than in piecemeal motions addressing these various issues.)  The defendant believes it will also be able to include in that motion any remaining disputes over documents that the defendant believes were inappropriately withheld by the plaintiffs from their document production on the basis

of privilege and that are included on the privilege log produced by the plaintiffs in response to the document requests served upon them. The parties propose that the defendant file a motion jointly addressing these issues on or before January 15, 2007, with oppositions then due within the time period required by the applicable federal and local rules.

8. If the parties cannot, through further negotiation, resolve their dispute over the adequacy of the plaintiffs' answers to the interrogatories served upon them, the defendant may elect to also file a motion to compel supplementation of the interrogatory answers. The issues raised by the interrogatory answers are not duplicative of those that will be addressed in the motion proposed in paragraph 7 above. To insure that this discovery issue does not linger, the parties propose that the defendant file any such motion related to the plaintiffs' interrogatory answers no later than January 31, 2007, with oppositions due within the time period required by federal and local rules.

9. As discussed above, the parties believe that this case can proceed most efficiently if deposition practice and subsequent summary judgment practice does not commence until after all paper discovery is concluded, including the resolution of any discovery motions and the production of any additional documents or supplemental interrogatory answers required either as a result of a court order on any discovery motions or as a result of the continued negotiation over discovery disputes between plaintiffs and defendant. The parties, therefore, jointly propose that the Court stay all other activities in this case until after all motions related to written discovery are resolved and all written discovery has been concluded. The parties propose that the Court enter an order requiring:

    a.    the filing on or before January 15, 2007 of the defendant's motion jointly addressing the Rule 45 objection from Northshore International Insurance Services, any privilege issues related to the privilege log provided by the plaintiffs and the remaining issue of expert document production by the plaintiffs in response to document requests served on them;

    b.    that any motion to compel further interrogatory answers from the plaintiffs be filed on or before January 31, 2007;

    c.    that all other activities in this case, including depositions, be stayed until after conclusion of all written discovery;

    d.    that the Court enter a new schedule for deposition practice, mandatory expert disclosures/depositions, and summary judgment motions after conclusion of the written discovery phase, including resolution of all discovery related motions; and

    e.    that the defendant's motion to compel production of documents by the plaintiffs is withdrawn, without prejudice to any issues that have not been resolved by negotiation between the parties being addressed instead in the motion due to be filed on January 15, 2007.

10.    The parties agree that, if the Court does not grant this joint motion, the defendant's motion to compel shall remain pending and the plaintiffs shall file an opposition to the motion to compel within five (5) business days of the Court's ruling on this joint motion. The defendant shall thereafter file any appropriate discovery-related motions concerning the Rule 45 objection by Northshore International Insurance Services, the privilege log provided by the plaintiffs, and the interrogatory answers provided by the plaintiffs, if negotiations between the parties over those issues fail to resolve those disputes.

Respectfully submitted, this 29th day of December 2006.

| *for the Plaintiffs* | *for the Defendant* |
|---|---|
| /s/ Ryan T. Killman | /s/ Eric L. Brodie |
| Louis M. Ciavarra | Stephen D. Rosenberg [BBO# 558415] |
| Ryan T. Killman | Eric L. Brodie [BBO# 639833] |
| Colleen E. Cushing | **THE MCCORMACK FIRM, LLC** |
| **Bowditch & Dewey, LLP** | One International Place - 7th Floor |
| 311 Main Street | Boston, MA  02110 |
| P.O. Box 15156 | Ph:   617•951•2929 |
| Worcester, MA   01615-0156 | Fax:  617•951•2672 |

92527.2