# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

W.E. AUBUCHON CO., INC., AUBUCHON DISTRIBUTION, INC., W.E. AUBUCHON CO. INC. EMPLOYEE MEDICAL BENEFIT PLAN, and AUBUCHON DISTRIBUTION, INC. EMPLOYEE MEDICAL BENEFIT PLAN,
       Plaintiffs,

v.

BENEFIRST, LLC,
       Defendant.

CIVIL ACTION NO.
05-40159 FDS

### JOINT MOTION TO RE-SET SCHEDULING ORDER

1. This case is currently proceeding under a scheduling order that calls for fact discovery to be completed by March 20, 2007, expert discovery to be completed by June 18, 2007 and dispositive motions to be filed by July 23, 2007. Developments in the case, in particular related to the orderly and financially efficient progression of discovery, have rendered this schedule inadequate.

2. The parties had agreed as part of the setting of previous schedules for this case that the most efficient method of proceeding was to proceed as follows: (a) documents to be produced by BeneFirst to the plaintiffs; (b) plaintiffs to thereafter provide full interrogatory answers that fully detail the medical benefit claims processed by BeneFirst on which errors were allegedly made by the defendant (the plaintiffs had maintained that they could not answer interrogatories requesting this information until all requested documents had been produced to them and their expert had an opportunity to thereafter identify all claims

handled by BeneFirst on which errors were allegedly committed); (c) fact depositions; (d) expert discovery; and (f) dispositive motions.

3. The discovery plan was structured on the idea that full disclosure by the plaintiffs and their expert of all alleged errors by BeneFirst and the particular claims processed by BeneFirst on which they occurred, should take place prior to any deposition practice. The parties believed that proceeding in this order would allow BeneFirst, because it would know the exact claims and errors alleged by the plaintiffs prior to conducting depositions, to significantly reduce the number of deponents and the topics on which they are examined. Otherwise, BeneFirst would be forced to essentially take depositions blindly, with little knowledge of its alleged errors and the claims processed by it that are allegedly at issue in this case; in that event, BeneFirst would have to conduct far broader deposition practice to ensure that it had anticipated and conducted discovery into all potential errors and allegedly mishandled claims that the plaintiffs may allege. The parties, as did the Court in setting previous schedules for this case, recognized that this would be inefficient, wasteful, and not in compliance with the mandate to identify a discovery schedule that will reduce, rather than increase, costs.

4. Several events have delayed the conclusion of the paper discovery portion of this case, and the parties have, as a result, not yet proceeded with the fact deposition phase of the case. First, as noted above, the parties intended for the plaintiffs to fully disclose all alleged errors by BeneFirst prior to commencement of depositions. Plaintiffs determined, however, that they could not answer interrogatories seeking this information until after completion of their expert's audit of the plaintiffs' medical plans administered by BeneFirst. Plaintiffs determined as well that their expert could not perform such an audit without first being provided with all medical bills for 3000 medical claims processed by BeneFirst at the time that it administered the plaintiffs' employee medical benefit plans. BeneFirst is in the

process of compiling and producing this information but, as the Court has previously been advised, this electronic data is unwieldy, difficult to isolate from other data, and time consuming to locate and print for production. It is expected that, basing the estimate on full time work by two paralegals on the project, production of these documents probably will not be completed for another four months, or until approximately the end of July, 2007. According to the plaintiffs, accurate interrogatory answers needed before cost effective deposition practice can be conducted cannot be produced until after those documents are produced to them. The plaintiffs expect it will then take an additional sixty days to review the materials and produce comprehensive interrogatory answers, meaning that full disclosure of that information and the subsequent commencement of deposition practice could not occur until the end of September, 2007.

5. Second, a number of disputes arose between the parties with regard to the document productions of the plaintiffs and of a third party entity, Northshore International Insurance Services, to which a keeper of the records subpoena was directed. The parties were able to negotiate resolutions to almost all of these disputes, but doing so was time consuming and also delayed conclusion of the paper discovery portion of this case.

6. For these reasons, the parties are not yet prepared to commence fact depositions, or the expert discovery or dispositive motion practice that fact depositions in this case will precede. The parties, in the interest of cost efficiency, request that the court revise the schedule for this case to allow the parties to finish the paper discovery and the plaintiffs to provide the required full interrogatory answers identifying the errors at issue, prior to commencement of fact depositions. The parties therefore likewise request that expert discovery and summary judgment practice be scheduled to occur after close of the fact deposition phase of the case.

7. In light of the foregoing developments, the parties have conferred and agreed that a reasonable and logical schedule on a going forward basis would provide as follows:

| On or before: | Action: |
| --- | --- |
| **July 31, 2007** | Production by BeneFirst of the medical bill documents |
| **September 31, 2007** | Plaintiffs to provide full interrogatory answers completely listing all claims processed by BeneFirst on which errors allegedly occurred and fully identifying and describing the alleged error for each such claim |
| **November 30, 2007** | Completion of non-expert witness discovery depositions |
| **December 30, 2007** | Plaintiffs designate and provide expert witness disclosures |
| **January 30, 2008** | Defendant designates and provides expert witness disclosures |
| **February 28, 2008** | Completion of all expert witness depositions |
| **April 1, 2008** | Filing deadline for all dispositive motions with oppositions due 30 days after service of dispositive motion |
| **To be determined** | Pretrial conference per court schedule. |

8. For all of the foregoing reasons, all parties respectfully request that the Court revise the scheduling order in this case as set forth above.

Respectfully submitted, this ____ day of March, 2007.

4

| *for the Plaintiffs* | *for the Defendant* |
|---|---|
| */s/ Ryan T. Killman* | */s/ Stephen D. Rosenberg* |
| Louis M. Ciavarra | Stephen D. Rosenberg   [BBO# 558415] |
| Ryan T. Killman | Eric L. Brodie   [BBO# 639833] |
| Colleen E. Cushing | **THE MCCORMACK FIRM, LLC** |
| **Bowditch & Dewey, LLP** | One International Place - 7th Floor |
| 311 Main Street | Boston, MA   02110 |
| P.O. Box 15156 | Ph:   617•951•2929 |
| Worcester, MA   01615-0156 | Fax:   617•951•2672 |

95948.1