# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| W.E. AUBUCHON CO., INC., AUBUCHON DISTRIBUTION, INC., W.E. AUBUCHON CO. INC. EMPLOYEE MEDICAL BENEFIT PLAN, and AUBUCHON DISTRIBUTION, INC. EMPLOYEE MEDICAL BENEFIT PLAN,<br>                    Plaintiffs,<br><br>v.<br><br>BENEFIRST, LLC,<br>                    Defendant. | CIVIL ACTION NO.<br>05-40159 FDS |

### Motion For Thirty-Day Extension of Time to Produce Medical Records and Adjust Scheduling Order Accordingly

_____

Defendant BeneFirst, LLC, hereby requests this Court to enter an order extending by thirty days the deadline for producing the bulk of the claims images ordered produced by this Court, and adjustment of the scheduling order accordingly. In support of this motion, BeneFirst states the following and incorporates the accompanying affidavit of Eric L. Brodie of the McCormack Firm, LLC:

      1.      This case is currently proceeding under a scheduling order entered on March 20, 2007, which calls for non-expert witness discovery to be completed by November 30, 2007. Within that time frame, Defendant BeneFirst is presently scheduled to produce any remaining images of claim documents retrieved from BeneFirst's computer archives by July 31, 2007. Following that production, the Plaintiffs are scheduled to provide by September 31, 2007 full interrogatory answers as to errors allegedly committed by BeneFirst in the processing of those claims. Following those disclosures, the parties are scheduled to complete non-expert witness depositions by the close of non-expert discovery, which, as noted above, will close on November 30, 2007.

2. Since the entry of the foregoing order, BeneFirst has produced data already available to it via indexed CD-ROMs on April 11, 2007. However, as previously disclosed to this Court and the plaintiffs, the remainder of the production has required a time-consuming page-by-page review of unindexed claims images stored on BeneFirst's decommissioned server, which contained claims images related to the plaintiffs as well as other parties unrelated to this lawsuit.

3. BeneFirst has been conducting its review of the claims, and thus far has reviewed in excess of 5.1 Gigabytes of claims images, which translates into more than 75,000 pages of reviewed documents. BeneFirst's review of these claims has been hampered, however, by a hard drive failure that required restoration of the BeneFirst hard drive from backup tapes in May 2007. Locating, cataloging, and restoring the backup tapes set BeneFirst back about one month, and the claims images were restored by the morning of June 8, 2007. Consequently, BeneFirst's original estimate of completing production of the claims images has also been delayed. At its current pace, BeneFirst anticipates completion of its review of the remainder of BeneFirst's claims image archives to be finished on or before August 21, 2007, and that production of hard copies of the located claims images requested by the plaintiffs will be finished on or before August 31, 2007.

4. BeneFirst therefore requests that the deadline for producing the claim images be extended from July 31, 2007 to August 31, 2007.

5. Under the current scheduling order in place for this case, the next event scheduled to occur after production by BeneFirst of the claim images is for the plaintiffs to provide complete interrogatory answers fully detailing BeneFirst's alleged errors on or before September 31, 2007. The scheduling order is structured on the thesis that cost effective deposition practice, followed by expert discovery, cannot take place until after plaintiffs produce those answers. Counsel for BeneFirst has been advised by plaintiffs' counsel that plaintiffs may not be able to provide those interrogatory answers by September 31, 2007 if production by BeneFirst of the claim images is not completed by July 31, 2007. Accordingly, BeneFirst requests the entry of an order delaying each

deadline by one month, to match the additional one month time period needed to complete production of the claim images to the plaintiffs. This request is not made to delay the foregoing proceedings, but instead is rendered necessary by an unanticipated hard drive failure and BeneFirst's efforts to restore the data from that hard drive in order to comply with this Court's order.

6. Accordingly, BeneFirst requests the entry of an order by this Court providing for the following revised schedule:

| **Action** | **Previous Schedule** | **Revised Schedule** |
| --- | --- | --- |
| **Production by BeneFirst of the medical bill documents** | July 31, 2007 | August 31, 2007 |
| **Plaintiffs to provide full interrogatory answers completely listing all claims processed by BeneFirst on which errors allegedly occurred and fully identifying and describing the alleged error for each such claim** | September 31, 2007 | October 31, 2007 |
| **Completion of non-expert witness discovery depositions** | November 30, 2007 | December 30, 2007 |
| **Plaintiffs designate and provide expert witness disclosures** | December 30, 2007 | January 30, 2008 |
| **Defendant designates and provides expert witness disclosures** | January 30, 2008 | February 29, 2008 |
| **Completion of all expert witness depositions** | February 28, 2008 | March 30, 2008 |
| **Filing deadline for all dispositive motions with oppositions due 30 days after service of dispositive motion** | April 1, 2008 | May 1, 2008 |

7. For all of the foregoing reasons, BeneFirst respectfully requests that this Court revise the scheduling order in this case as set forth above.

3

        Respectfully submitted,

        **BeneFirst, LLC**

        by its attorneys,


        <u>/s/ Stephen D. Rosenberg</u>
        Stephen D. Rosenberg   [BBO# 558415]
        Eric L. Brodie   [BBO# 639833]
        **THE MCCORMACK FIRM, LLC**
        One International Place - 7th Floor
        Boston, MA   02110
        Ph:   617•951•2929
        Fax:   617•951•2672


**Local Rule 7.1(a)(2) Certification**

Pursuant to Local Rule 7.1(A)(2), the undersigned attorney certifies that counsel for the plaintiffs and the defendant have conferred and have attempted in good faith to resolve or narrow the issues presented by the accompanying motion.


        <u>/s/ Stephen D. Rosenberg</u>

# UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| W.E. AUBUCHON CO., INC., AUBUCHON DISTRIBUTION, INC., W.E. AUBUCHON CO. INC. EMPLOYEE MEDICAL BENEFIT PLAN, and AUBUCHON DISTRIBUTION, INC. EMPLOYEE MEDICAL BENEFIT PLAN,<br>    Plaintiffs,<br><br>v.<br><br>BENEFIRST, LLC,<br>    Defendant. | CIVIL ACTION NO.<br>05-40159 FDS |

### Affidavit of Eric L. Brodie in Support of Defendant BeneFirst LLC's Motion For Thirty-Day Extension of Time to Produce Medical Records and Adjust Scheduling Order Accordingly

_____

I, Eric L. Brodie, hereby declare under penalty of perjury that the following statements are true and are based upon my personal knowledge:

1.  I am an attorney associated with The McCormack Firm, LLC, One International Place, Seventh Floor, Boston, MA 02110.

2.  Our firm represents the defendant, BeneFirst LLC in this matter.

3.  I have personal knowledge of BeneFirst's efforts – and our firm's efforts on behalf of BeneFirst – to identify and produce claim image documents that have been ordered produced by this Court.

4.  In particular, following the entry of Judge Hillman's order on February 6, 2007, BeneFirst first produced all of the files it was able to locate via the CD-ROMs available to it, which were located in a database and therefore somewhat easier to retrieve. This phase of the review was completed at the end of March 2007 and hard copies of the claims derived from the CD-ROMs were forwarded to the plaintiffs on April 11, 2007.

5.      The second phase of the project required BeneFirst to review, on a page-by-page basis, each claims image that was generated during the time period relevant to the present litigation.  This was necessary in order to locate the specific claims requested for production by the plaintiffs.  Those claims images were stored on BeneFirst's decommissioned server, a Dell PowerEdge 2500SC that was manufactured in 2001 and used by BeneFirst until it was taken offline at the end of 2006.  The McCormack Firm took possession of the server in connection with this production request in February 2007.

6.      Unfortunately, during the page-by-page review phase of the document production, it was determined in early May 2007 that the claims images on the server's hard drive were either corrupted or missing, which required the restoration of the claims images from backups of the BeneFirst hard drive.  In turn, the backups of the hard drive were stored on data tapes which needed to be located and cataloged before the restoration process could commence.

6.      Once the correct backup tapes were located and cataloged, the images were restored to the hard drive, and the page-by-page review of the archived images began again.  However, the restoration process ended up taking about a month, and was not completed until the morning of June 8, 2007.

7.      To date, more than 5.1 Gigabytes of claims images have been reviewed, which is the equivalent of more than 75,000 pages of reviewed documents.  BeneFirst's original estimate for the completion of its page-by-page review of the claims on BeneFirst's hard drive was targeted for July 31, 2007.  Due to the one-month delay attributable to the server's hard drive failure, that target date will not be met.   However, at its current pace, BeneFirst still anticipates completion of its review of the remainder of BeneFirst's claims image archives to be finished on or before August 21, 2007, and that production of hard copies of the located claims images requested by the plaintiffs will be finished on or before August 31, 2007.

Electronically signed under penalties of perjury this 31st day of July 2007.

        Respectfully submitted,

        */s/ Eric L. Brodie*
        Eric L. Brodie     [BBO# 639833]
        **THE MCCORMACK FIRM, LLC**
        One International Place - 7th Floor
        Boston, MA   02110
        Ph:   617•951•2929
        Fax:  617•951•2672