UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| W.E. AUBUCHON CO., INC., AUBUCHON DISTRIBUTION, INC., W.E. AUBUCHON CO. INC. EMPLOYEE MEDICAL BENEFIT PLAN, and AUBUCHON DISTRIBUTION, INC. EMPLOYEE MEDICAL BENEFIT PLAN,<br>                    Plaintiffs,<br>v.<br>**BENEFIRST, LLC**,<br>                    Defendant. | CIVIL ACTION NO.<br>05-40159 FDS |

**Joint Motion For Extension of Current Scheduling Deadlines**
_____

The Parties hereby jointly move the Court for extensions of certain deadlines in this case. First, the Court has ordered production for in camera inspection of certain reports prepared by third party witness NorthShore International Insurance Services ("NIIS"), so that the Court can decide whether to order them produced to the Defendant. The Court ordered production to the Court of these documents by January 3, 2008. NIIS has determined that some of the needed documents are in storage and will require additional time to obtain, and believes that a two week extension of the time required for production to the Court for its in camera review is necessary. The Defendant assents to the request for this additional time to produce the ordered documents to the Court. The parties therefore jointly request that the Court extend the deadline for third party witness NIIS to produce documents for in camera inspection from January 3, 2008 to January 17, 2008.

Second, this case involves a claim by the Plaintiffs that Defendant erred in the administration of literally thousands of health care claims processed by Defendant, and Plaintiffs claim that Defendant made approximately $8 million in errors in processing those thousands of claims. The parties have attempted to structure discovery so that all paper discovery will be

completed before deposition practice is conducted, for the simple reason that paper discovery will hopefully allow the Defendant to narrow the range of deposition practice. The intent is to use the paper discovery to narrow the range of deponents and deposition topics to the greatest extent possible, given that thousands of medical claims and millions of dollars in alleged errors are at issue. The goal is to try to avoid conducting broad ranging deposition practice into all of the thousands of allegedly erroneously handled claims and to instead use paper discovery to focus deposition practice only on those areas that remain necessary to investigate. The parties continue to be optimistic that the conclusion of paper discovery prior to deposition practice will accomplish this goal and, in fact, further interrogatory answers recently provided by the Plaintiffs as part of this approach appear to have significantly narrowed the range of deposition practice already.

Continuing this approach, the parties would therefore also like to conclude what appears at this point to be the only remaining issue of paper discovery, namely the production of the NIIS documents that will be subject to the in camera review, before proceeding with depositions. The Defendant believes that the production of these documents, if ordered by the Court, is likely to allow it to further structure and accordingly limit deposition practice, and the Defendant therefore would like an extension of the discovery deadlines in this case that are sufficient to allow resolution of this last issue of paper discovery before deposition practice proceeds. The Plaintiffs agree to this request. The parties believe that extending the fact discovery period for an additional 60 days should be sufficient to allow for production to the Court of the documents at issue for in camera review, a decision by the Court on the production of those documents, and subsequent fact depositions after production - if so ordered by the Court - of those documents. A corresponding extension of the expert discovery deadlines and summary judgment deadlines to allow those stages to proceed in an orderly fashion after conclusion of the fact discovery phase of the case would be needed as well.

Accordingly, for the reasons detailed above, the parties jointly move for a 60 day extension of all deadlines currently in effect for this case.

The parties therefore jointly request that the Court enter an order: (1) resetting the current Scheduling Order deadlines in this case; and (2) also continuing the date for third party witness NIIS to produce the NIIS documents for in camera inspection to January 17, 2008. The revised Scheduling Order would therefore now be as follows:

1. NIIS shall produce the NIIS documents for in camera inspection on or before January 17, 2008.
2. Non-expert discovery shall be completed by March 14, 2008.
3. Plaintiffs' designation of expert witnesses and disclosures by April 14, 2008.
4. Defendant's designation of expert witnesses and disclosures by May 14, 2008.
5. Completion of all expert depositions by June 14, 2008.
6. Deadline for all dispositive motions by July 14, 2008.

Respectfully submitted, this 28h day of December 2007.

| for the Plaintiffs | for the Defendant |
|---|---|
| /s/ Ryan T. Killman | /s/ Stephen Rosenberg |
| Louis M. Ciavarra | Stephen D. Rosenberg   [BBO# 558415] |
| Ryan T. Killman | Eric L. Brodie   [BBO# 639833] |
| Colleen E. Cushing | **The McCormack Firm, LLC** |
| **Bowditch & Dewey, LLP** | One International Place - 7th Floor |
| 311 Main Street | Boston, MA   02110 |
| P.O. Box 15156 | Ph:   617•951•2929 |
| Worcester, MA   01615-0156 | Fax:   617•951•2672 |