UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| W.E. AUBUCHON CO., INC., AUBUCHON DISTRIBUTION, INC., W.E. AUBUCHON CO. INC. EMPLOYEE MEDICAL BENEFIT PLAN, and AUBUCHON DISTRIBUTION, INC. EMPLOYEE MEDICAL BENEFIT PLAN<br>Plaintiffs,<br><br>v.<br><br>BENEFIRST, LLC,<br>Defendant. | C.A. No. 05-40159FDS<br>(Louis M. Ciavarra BBO# 546481)<br>(James P. Hoban BBO #633929)<br>(Colleen E. Cushing BBO# 663498) |

**PLAINTIFFS' OPPOSITION TO**
**<u>DEFENDANT'S MOTION FOR SUMMARY JUDGMENT</u>**

This case arises out of the defendant, BeneFirst, LLC's ("BeneFirst"), oversight of the W.E. Aubuchon Co., Inc. Employee Medical Benefit Plan and the Aubuchon Distribution Inc. Employee Medical Benefit Plan (collectively the "Plans") pursuant to Administrative Service Agreements it entered into with W.E. Aubuchon Co., Inc. ("W.E. Aubuchon") and Aubuchon Distribution Inc. ("Aubuchon Distribution") (collectively the "Aubuchon Companies").

It is not disputed that there were multiple millions of dollars in claims errors made during BeneFirst's oversight of the Plans. It is undisputed that these claims errors were documented by two different pre-suit audits of BeneFirst's claims decisions. It is also undisputed that BeneFirst exercised substantial authority and control over the Plans' assets, as exemplified by the fact that it was a signatory on the Plans' checking accounts, that it disbursed funds from the Plans' checking accounts, that it received COBRA premium payments on behalf of the Plans, that it paid itself commissions from the

COBRA premiums it collected prior to forwarding the balance of those premiums to the Aubuchon Companies, and that it made claims and received payments from stop loss insurers on behalf of the Plans.  It is also undisputed that BeneFirst's claims examiner's applied their judgment in determining whether to pay claims, in deciding whether to pursue other insurance available with respect to a particular claim, and in deciding whether to pursue potential subrogation claims with respect to a particular claim.  It is also undisputed that BeneFirst unilaterally determined whether to report adverse information to the Plans and the Aubuchon Companies, including without limitation the fact that BeneFirst was not able to obtain even half of the $478,000 aggregate stop loss reimbursement payment that it had advised W.E. Aubuchon that it expected to obtain.  It is further undisputed that BeneFirst destroyed approximately forty percent of all claims records which the Plans and the Aubuchon Companies sought in discovery in order to substantiate their claims as to liability and damages, despite a contractual obligation to maintain those claims records.

Notwithstanding these undisputed points, the case is now before this Court on BeneFirst's Motion for Summary Judgment on the grounds that it is not an ERISA fiduciary and therefore not subject to liability under ERISA and that the Plaintiffs' state law breach of contract claims against it are preempted, even though it is not an ERISA fiduciary and therefore essentially immune from suit.  The motion must be denied as BeneFirst is identified as a "Plan Administrator" and therefore is a "named fiduciary" for purposes of ERISA under any reasonable construction of the Summary Plan Descriptions governing the Plans. See Beddall v. State Street Bank and Trust Company, 137 F.3d 12, 18 (1st Cir, 1998)(citing 29 U.S.C. § 1102(a)(2)).  Further, the undisputed facts are

sufficient to establish that BeneFirst's activities with respect to the Plans were sufficient to render it a functional fiduciary for ERISA purposes. See, e.g.. Bedall, 137 F.3d at 18; 29 U.S.C. § 1002(21)(A). In the alternative, settled precedent establishes that if BeneFirst was no more than a non-fiduciary service provider to the Plans, as it contends, ERISA does not preempt the Plaintiffs' state law claims. See, e.g., Pharmaceutical Care Management Ass'n. v. Rowe, 429 F.3d 294, 305 (1st Cir. 2005).

WHEREFORE, Plaintiffs respectfully request that this Court deny BeneFirst's Motion for Summary Judgment and grant such other relief as it deems just and appropriate.

> W.E. AUBUCHON CO., INC.,
> AUBUCHON DISTRIBUTION, INC., W.E.
> AUBUCHON CO. INC. EMPLOYEE
> MEDICAL BENEFIT PLAN, and
> AUBUCHON DISTRIBUTION, INC.
> EMPLOYEE MEDICAL BENEFIT PLAN
> By their attorneys,
>
> /s/ James P. Hoban
> Louis M. Ciavarra (BBO #546481)
> James P. Hoban (BBO #633929)
> Colleen E. Cushing (BBO #663498)
> Bowditch & Dewey, LLP
> 311 Main Street, P.O. Box 15156
> Worcester, MA 01615-0156
> (508) 791-3511

Date:   August 27, 2008

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on August 27, 2008.

/s/ James P. Hoban